No. 37,476

THE STATE HIGHWAY COMMISSION, *Appellee,* v. ISABELLE S. WEISS et al., SAFEWAY STORES, INC., *Appellants.*

(207 P. 2d 480)

Opinion
filed June 11, 1949.

*Raymond H. Carr,* of Mission, argued the cause, and *Rolla W. Coleman,* of Mission, was with him on the brief for the appellants.

*Stanley Taylor,* of Topeka, and *Roy S. Lowe,* of Olathe, argued the cause, and *W. B. Kirkpatrick,* of Topeka, and *John W. Breyfogle, Jr.,* of Olathe, were with them on the brief for the appellee.

The opinion of the court was delivered by

Price, J.: This appeal involves certain rulings of the lower court with reference to Tract No. 125 in condemnation proceedings brought by the State Highway Commission in a highway building and improvement project in Johnson county. Briefly summarized the facts are as follows:

On February 12, 1946, the State Highway Commission commenced condemnatioon proceedings in the district court in case No. 16,513 for the purpose of acquiring certain lots and parcels of land necessary for the construction and improvement of a highway. The appraisers appointed by the court filed their oaths, gave the notice required by statute and on April 4, 1946, filed their report which listed, among other tracts, the following:

"125

"Isabelle S. Weiss, 15 W. 81st Street, New York City, New York; Safeway Stores, Inc., 12th & Oak, Kansas City, Missouri, subject to a mortgage in favor of the Prudential Insurance Company of America, Newark, New Jersey. [Followed by the legal description of the property in question.]"

Their award for the property included in this tract was as follows:

"APPRAISEMENT:

| | |
|---|---|
| LAND TAKEN | $1015.33 |
| FENCE | $ |
| TENANTS CROP LOSS | $ |
| Safeway Store loss of business & all other damage | $1750.00 |
| TOTAL | $2765.33" |

On May 3, 1946, the State Highway Commission paid into the clerk of the district court the amount of $2,765.33 and on the same day filed its appeal from such award, said appeal being docketed as case No. 16,687.

On February 25, 1947, a journal entry was filed in the original condemnation action, the pertinent portions of which are as follows:

"Thereupon said State Highway Commission through its attorneys states to the Court that its appeal from the award of the appraisers as pertaining to Tract No. 125 was taken primarily from the allowance of $1750.00 damages therein made; and incident to the rights of the Safeway Stores, Inc., to their leasehold interest therein; further that the owner of the fee title, Isabelle S. Weiss is desirous of obtaining payment of the $1015.33 awarded by the appraisers for land taken and that said Prudential Insurance Company of America, mortgagee, has waived its right to have any of the proceeds of the condemnation of said Tract No. 125 applied on its mortgage loan.

"It is now further stated to the Court, all parties represented agreeing thereto, that it has been orally stipulated among the parties to said appeal No. 16687 that subject to the approval of the court, the said Isabelle S. Weiss may receive payment at this time of said sum of $1015.33 for the fee to said land taken as awarded in the original appraisement in consideration of which the said Isabelle S. Weiss has and does now in open court agree to accept said sum in full and complete satisfaction of all of her claims by reason of the condemnation and taking of said tract.

"It is further stipulated and agreed among the parties as now appearing that the abandonment of that part of State Highway Commission's appeal as pertaining to the award made for land taken shall and does in no way affect the status of said appeal in the prosecution and trial thereof as to the question of the amount of compensation or damages to which the appellee, Safeway Stores, Inc., is entitled, for their leasehold interest in said land taken, and damages incident thereto.

. . . . . . . . . . . .

"IT IS THEREFORE, CONSIDERED, ORDERED AND ADJUDGED that the Clerk of this Court pay at this time to Isabelle S. Weiss the sum of $1015.33 in full of any and all claims by said property owner, as holder of said fee title.

"IT IS FURTHER ORDERED AND ADJUDGED that the status of The State Highway Commission's appeal as to the question of the amount of compensation or damages, if any, to be awarded to Safeway Stores, Inc., remains unchanged and shall be for trial at such time as the Court may determine."

This journal entry was approved and signed by counsel for all parties concerned.

On July 24, 1947, Safeway filed its motion praying an order of the court directing the clerk to pay over to it the award of $1,750 previously deposited by the State Highway Commission and on July 29, 1947, Safeway filed with the clerk of the district court its written demand for said amount stating among other matters that the State Highway Commission had taken actual possession of the land involved in Tract No. 125.

On August 26, 1947, the State Highway Commission filed the following motion for refund of the award:

"MOTION FOR REFUND OF AWARD

"Comes now the State Highway Commission, appellant herein, and moves the Court to set aside and hold for naught, a certain award made to Safeway Stores in the amount of $1750, the same being an award for business damages, as related to tract No. 125 of the condemnation proceedings herein (Civil Action No. 16687, District Court of Johnson County, Kansas), and that such award of $1750 be ordered refunded by the Clerk of the District Court of Johnson County, Kansas, to the State Highway Commission for the reason that such award shows upon its face that no property of Safeway Stores is being taken for public highway purposes, and for the further reason that loss of business, or business damage, cannot be made the legal basis of an award under the eminent domain laws of the state of Kansas (G. S. 1935, 26-101). . . ."

On March 5, 1948, Safeway's motion to draw down the award of $1,750 on deposit was denied and on May 27, 1948, the motion of the State Highway Commission for refund of the award was sustained.

On June 29, 1948, Safeway appealed to this court from the ruling of the lower court denying its motion to draw down the award and from the ruling sustaining the motion of the State Highway Commission to grant the refund.

At the outset we are confronted with appellee's contention that Safeway's appeal from the order overruling its motion to draw down the amount of the award was not taken in time and should be dismissed. The ruling on the motion in question was made March 5, 1948, and notice of appeal was not filed until June 29, 1948. We hold therefore that the appeal from the ruling on such motion, not having been taken within two months (G. S. 1947 Supp. 60-3309), should be and the same is hereby dismissed.

The sole question before us therefore is the propriety of the court's ruling sustaining the motion of the State Highway Commission for a refund of the award made to Safeway by the appraisers in the amount of $1,750.

From the record before us we learn that there has been no abandonment of any of the property in question on the part of the State Highway Commission, that it is in possession of the same and that its appeal to the district court from the award of the appraisers has not been disposed of and is still pending.

Under the facts and circumstances as above set out, was the State Highway Commission entitled to a refund of the award made to Safeway by the appraisers?

Safeway contends that it was not and argues that the ruling of the lower court was erroneous for a number of reasons, among which are that because of the payment into court the Commission waived its right to appeal from the award of the appraisers, that it (Safeway) was entitled to draw down the amount of the award when the Commission entered upon and took possession of the property in question, that Safeway, as lessee of the property, has a property interest as contemplated by our eminent domain statutes and that the effect of the court's action in granting the refund is to deny Safeway its day in court on issuable facts involved in the appeal from the award of the appraisers which is still pending.

Appellee commission argues that by its payment into court of the total amount of the award it did not waive its right to appeal from the award (citing authorities to the effect that before entry can be made it is required that payment of the award be made to the clerk of the court), that Safeway is not an "owner" as that term is used in our condemnation statutes, that so-called business damage is not a "taking of property" and that the ruling of the lower court on appellee's motion for refund did not have the effect of denying Safeway its day in court on issuable facts.

It can readily be seen that the real gist of the dispute between the parties is over the question of the amount of compensation or damages, if any, due to Safeway. That fact is disclosed by the very language contained in the journal entry of February 25, 1947, and in the motion for refund subsequently filed by the commission.

We have carefully examined all of the authorities cited by both parties in the appeal now before us and have no fault to find with the principles therein stated but the trouble lies with their application so far as the record before us is concerned. Here we have a case of the State Highway Commission commencing condemnation proceedings, paying the total amount of the award of the appraisers into court, appealing to the district court from such award, entry onto and taking possession of the property in question and then, without any abandonment of the property, seeking by motion in the original condemnation proceedings to have refunded to it a portion of the award when at all times its appeal from the award of the appraisers is still pending in the district court.

The statute (G. S. 1947 Supp. 26-102), under which that appeal was taken, provides that if the petitioner shall be dissatisfied with the appraisment he shall, within thirty days, file a written notice

of appeal with the clerk of the district court, whereupon it is to be docketed and tried the same as other actions. The question to be determined in such appeal is the amount of compensation or damages, if any, to be awarded on account of the appropriation by the condemnor of the property in question. In any event, under the record before us, the funds paid into court should remain there pending the determination of the appeal and in our opinion the action of the commission in attempting to circumvent such appeal was improper.

From what has been said it therefore follows that the order of the lower court sustaining the commission's motion for a refund must be and the same is hereby reversed and set aside.