No. 33,587

THE STATE HIGHWAY COMMISSION OF THE STATE OF KANSAS, *Appellant*, v. MICHAEL PUSKARICH et al., *Appellees*.

(83 P. 2d 131)

Opinion filed October 8, 1938.

*Lester M. Goodell,* assistant attorney general, *Robert Osborn,* of Stockton, *Woodrow B. Morris,* of Oxford, *C. C. Casey,* of Topeka, *Joseph W. Menzie,* of Manhattan, and *Donald H. Corson,* of Kansas City, for the appellant.

*John P. Carr, H. J. Smith, A. M. Etchen,* and *Louis R. Gates,* all of Kansas City, for the appellees.

The opinion of the court was delivered by

ALLEN, J.: This appeal is from certain orders in a condemnation proceeding.

On March 16, 1936, the state highway commission filed a petition in the district court of Wyandotte county, instituting proceedings to condemn certain land of appellee, Michael Puskarich, in accordance with R. S. 1933 Supp. 68-413.

The district court found that the petitioner was vested with the power of eminent domain, and that the lands described were necessary for the petitioner's purposes, and appointed certain appraisers who subsequently filed their report awarding $12,865 to appellee, Michael Puskarich, as damages for the taking of the land.

The appellant, pursuant to said proceedings and the statute, on May 12, 1936, filed the report of the appraisers with the clerk of the district court, and on May 26, 1936, appellant deposited with the clerk of the district court the total amount of such appraisement, together with the court costs and the fees of the appraisers, and on May 12, 1936, the appellant obtained an order in the district court ordering the filing of the condemnation proceedings with the register of deeds of Wyandotte county, Kansas, to be recorded in the same manner as other conveyances of title, as provided in G. S. 26-101, and the court so found.

Subsequent to obtaining the order of the trial court ordering the filing of the condemnation proceedings with the register of deeds, and depositing the total amount of the appraisement, together with court costs and fees of the appraisers, the state highway commission and the defendants each filed a notice of appeal from the appraisement.

While these appeals were pending, the state highway commission discovered that in the prior proceedings between Puskarich and the board of county commissioners of Wyandotte county, the county had acquired title to a strip of land 47½ feet wide, in addition to the thirty feet previously dedicated for road purposes. The present condemnation proceeding was to condemn a strip of ground 107.62 feet wide, exclusive of the existing highway. The highway commission concluded as they already owned 77½ feet, extending parallel to the center of the Reidy road, and as this strip of land was sufficient for the improved highway, the condemnation proceedings should be abandoned.

On motion of the highway commission the deposit of the award with the clerk of the court was withdrawn. A motion of the highway commission to abandon the proceedings was overruled, and a motion that the amount of the award be redeposited with the clerk was sustained. It is from the rulings of the district court on the motion to abandon and on the order to redeposit the award that this appeal is taken.

Should the order of the trial court overruling the motion of appellant to abandon the proceedings be sustained?

In *Stewart v. Marland Pipe Line Co.*, 132 Kan. 725, 297 Pac. 708, it was held that the right of the condemnor to abandon the proceedings was governed by the code of civil procedure. Under our statute, G. S. 1935, 60-3105, the plaintiff may dismiss his action before the final submission of the case to the jury, or to the court, and we have held that the condemnor is the plaintiff in these proceedings.

The question received careful examination in the recent case of *State Highway Comm. v. Phillips,* 146 Kan. 78, 69 P. 2d 12. In that case the condemnors had not paid into court the award made by the appraisers, and had not become entitled to the possession of the property. It was held in that case the condemnor had the right to abandon. In the Stewart case it was said:

"It will be noted that the above section provides that the title goes to the corporation at once when it pays the amount named in the appraisers' report to the treasurer. In order for it to get this title nothing more needs to be done. Now, if the landowner sees fit to take the amount named by the appraisers, he is entitled to it at once when it is paid in. No one would say that in cases where this had happened and the money had been paid to the landowner that at some subsequent time the corporation could conclude to abandon the proceedings and demand this money back." (p. 729.)

In the instant case the money had been paid to the clerk, but had not been paid to the landowners. On the contrary, on motion the district court directed the return of the money to the plaintiff. As no appeal was taken from that order of the court, it might fairly be said that the parties, after the money had been refunded upon order of the court, were in the same situation they were before the money was paid to the clerk. We do not think the mere act of paying the amount of the appraisement to the clerk vests an indefeasible title in the condemnor, and fixes the rights of the parties in all cases, regardless of fraud or equitable considerations. Until the money was paid to the landowner it was in the custody of the court and subject to the court's orders. It was so considered by the court when the order to repay the money to the condemnor was entered. This being true, the motion of appellant to abandon the proceedings should have been sustained, and the motion of appellees to compel the redeposit of the funds should have been overruled.

The judgment is reversed, and the cause remanded with directions to enter an order sustaining the motion of the appellant to abandon the proceedings and denying the motion to redeposit the award.