No. 38,015

STATE HIGHWAY COMMISSION, *Appellee*, v. (Isabelle S. Weiss, et al.) SAFEWAY STORES, INC., *Appellant*.

(226 P. 2d 850)

Opinion filed January 27, 1951.

*Raymond H. Carr,* of Mission, argued the cause, and *Rolla W. Coleman,* of Mission, was with him on the briefs for the appellant.

*Roy S. Lowe,* of Olathe, and *W. B. Kirkpatrick,* of Topeka, argued the cause, and *Stanley Taylor,* general counsel for highway commission, and *John W. Breyfogle, Jr.,* of Olathe, were with them on the briefs for the appellee.

The opinion of the court was delivered by

WEDELL, J.: This action originated as a condemnation proceeding to acquire land for state highway purposes under the provisions of G. S. 1935, 26-101. Isabelle S. Weiss, the landowner, accepted payment of the award made by the appraisers for the land taken and is not a party to this appeal. Safeway Stores, Incorporated, the tenant of the landowner, operated a grocery store facing the highway which was sought to be widened, thereby leaving less space for parking purposes in front of the store building. The appraisers awarded damages to the landowner for land taken in the sum of $1,015.33 and to the tenant the sum of $1,750 for "loss of business and all other damage." The state highway commission appealed from the awards. On the trial in the district court the jury allowed the tenant no damages and from the judgment the tenant alone has appealed to this court.

We shall refer to the parties as the condemnor, the landowner and the tenant. The material facts may be summarized as follows:

Condemnation proceedings were instituted in February, 1946;

the appraisers allowed the damages heretofore indicated; the condemnor deposited the total amount of the awards with the clerk of the district court; the next day the condemnor appealed to the district court; the landowner and condemnor became satisfied with the award made to the landowner; the latter was paid that amount; the judgment recites the parties stipulated the abandonment of the appeal by the condemnor with respect to the award to the landowner in nowise affected the status of the appeal from the award to the tenant; no issue was raised by the landowner at any time relative to the amount of land taken or whether the condemnor actually took more land than was condemned; a few months after payment of the award to the landowner the condemnor took possession of the land and proceeded with the widening and improving of the highway.

In order to make the instant case current it will be helpful to also relate the following additional facts:

While the appeal was pending in the district court and before the action on the damage feature was tried two motions were filed; the first was by the tenant in which it asked that the $1,750 be paid to it, contending the deposit thereof into court operated as an estoppel against the condemnor to appeal from that award; the motion was overruled; thereafter the condemnor filed a motion requesting a refund to it of the $1,750, contending "loss of business, or business damage" could not be made the legal basis of an award under the eminent domain laws of this state; that motion was sustained; from the rulings on those two motions the tenant appealed to this court; this court did not rule on the question of whether a tenant could recover such or any other damages but held the tenant was out of time to appeal from the ruling on the first mentioned motion; we, however, reversed the second order of the district court which permitted the condemnor to withdraw the amount of the tenant's award for the reason that to permit its withdrawal would, in effect, circumvent the appeal from that award; (*State Highway Commission v. Weiss*, 167 Kan. 427, 207 P. 2d 480) thereafter the question of the tenant's damage was litigated in the district court and the jury by its verdict determined the tenant was not damaged; judgment was rendered accordingly and from it the tenant alone has appealed.

The tenant, as on the former appeal, argues the deposit of its award with the court clerk by the condemnor deprives the latter

of all right to have the subject of the tenant's damage or the extent thereof litigated. As already stated we held on the previous appeal the tenant had not perfected his appeal on that question in time. The appeal involving the same question having been too late before, it, of course, is not in time now.

We are presently concerned only with the validity of the judgment whereby the tenant was denied damages. Before treating the tenant's contentions in that regard we shall deal with a few contentions of the condemnor. The condemnor expresses doubt the term "owner" of land includes the holder of a leasehold estate therein. The condemnation proceeding was commenced in February, 1946. The proceeding was governed by G. S. 1935, 26-101 and 26-102. The first mentioned statute provided the appraiser should give notice to ". . . any owner, and all lienholders of record, of the property sought to be taken . . ." and notice of the time and place for the assessment of damages. It is apparent a tenant is not a lienholder within the ordinary meaning of that term. Does the holder of a leasehold estate for a period of years fall within the term "owner" as contemplated by the condemnation statutes? It may be well to observe we are not here concerned with the rights of a mere tenant at will or with a tenant who remains in possession after receiving a valid notice to quit or with other tenancies unlike the instant one. Only a tenancy for years is here involved.

We have held the word "owner" as used in our mechanics'-lien statute is not limited to an owner of the fee but includes the owner of a leasehold estate. (*Miller v. Bankers Mortgage Co.,* 130 Kan. 543, 287 Pac. 618.) Although in *Comm'rs of Smith Co. v. Labore,* 37 Kan. 480, 15 Pac. 577, the factual situation was quite different and although it was found unnecessary in order to affirm the judgment to determine whether damages should be allowed for interference with lease rights of the parties, this court said:

"It is claimed, however, by the plaintiff in error, defendant below, that this enhanced value is based solely upon a lease and the fact of tenancy, and that tenants or lessees have no right to have damages awarded to them condemnation proceedings. Now it is not necessary in this case, in order to sustain the judgment of the court below, that any one of the Labores should be awarded anything as a tenant or lessee, or anything for any injury done to the land of either of the others. Each originally claimed, and we may consider each as still claiming, damages only for injuries done to his own land. But may not tenants or lessees have an award of damages for losses sustained by them by reason of condemnation proceedings? [Authorities cited] The word 'owner,' as

used in the statutes relating to condemnation proceedings, may perhaps be construed to apply to every person having any interest in the property to be taken. Such seems to be the purport of the above-cited cases." (p. 485, 486.)

In *Bales v. Railroad Co.*, 92 Kan., 771, 141 Pac. 1009, the question presented was the correct measure of damages to a lessee for the appropriation of a leasehold estate, it appearing the lessee's right to recover damages was not questioned.

In 18 Am. Jur., Eminent Domain, § 232, it is said:

"A tenant for years under a written lease is an owner of property in the constitutional sense, and is entitled to share in the compensation when all or a part of the property leased is taken by eminent domain during the term of the lease, or where the property is damaged as, for example, by a change of grade of an abutting highway."

To the same effect are 29 C. J. S., Eminent Domain, § 198; annotations 98 A. L. R. 254, 3 A. L. R. 2d 286, 288. The principle stated is well established and we need not labor the point.

The condemnor next contends if a tenant may recover damages at all it can be only for damage to tangible property as, for example, loss to crops and the like but not for intangible factors such as loss of business. The question of the proper measure of damages is not presented by the record before us. The jury did not allow damages for loss of business.or on any other ground. It concluded the tenant was not entitled to recover damages. Only a few instructions requested by the tenant and refused by the court are included in the abstract of record presented here. The tenant, appellant, has not favored us with a copy of the instructions given, or with the objections thereto, if any were made. Under such circumstances we cannot say the instructions given were inaccurate or inadequate to cover the issue of damages.

The condemnor further argues the judgment cannot be disturbed for the reason the jury was justified in believing although the parking space in front of the building was shortened there was sufficient room for cars to drive between the highway and the front of the building and parking space for customers along the side of the building. The tenant contends prior to the taking of the land there was ample space for cars to park facing the front of the building and to back out of such parking space without entering upon the highway and that this could not be done thereafter. The tenant argues the proof of damage in that respect was uncontroverted. Ordinarily diminution in the value of a lease because of appropriation by condemnation is a proper element to be considered in de-

termining damages to a leasehold interest. In view, however, of another matter to be considered we need not determine whether the jury was justified in refusing to allow damages by reason of a change in parking facilities in front of the building.

The forty year lease contract in question contained provisions pertaining to the termination of the lease by the lessee in the event of condemnation procedings by which the condemnor acquired title to the premises or any material portion thereof. The lease contract gave the lessee the right to terminate the lease after such condemnation proceedings and to offer to purchase the property. It provided if the lessor accepted such offer the lessee should be entitled to receive, and should receive, any and all award or payment therefor made in the condemnation proceedings. On the other hand the lease contract provided if the lessor did not accept the lessee's offer to purchase, or if the lease was terminated, as provided in the lease contract, the lessee should not be entitled to receive or retain the award or payment, or any part thereof and the award should be paid to the lessor. Subsequent to the instant condemnation proceedings the lessee elected to terminate the lease and made an offer to purchase, which offer the lessor rejected. The lease was terminated in accordance with the provisions of the lease contract. The lease contract further provided for a specific rental adjustment in favor of the lessee in the event the lessee elected not to terminate the lease and to remain in possession of the premises.

It has been said a provision in a lease such as that contained in the last sentence of the foregoing paragraph does not constitute full compensation and that such provision alone does not preclude a lessee from recovering other damages, if any, which he may have suffered. (18 Am. Jur., Eminent Domain, § 232, p. 866.) What the effect of such a provision standing alone would be need not be determined now. Here the lease contract went further. As previously indicated, the lessee agreed if the lease was terminated, as provided by the contract, the lessee would not be entitled to any portion of the award. In 18 Am. Jur., Eminent Domain, § 232, the rule is stated thus:

"The right of the owner of the leasehold interest to compensation is not affected by any agreement made by the condemner with the owner to pay him for the tenant's rights. Of course, if the lease itself includes a provision in respect of the rights of the parties in the event of the condemnation of the leased premises, such provision is controlling, if applicable to the particular case." (p. 866.)

See, also, annotation 98 A. L. R. 254.

In view of the record before us we cannot say reversible error was committed in the trial.

The judgment is affirmed.