No. 38,015

STATE HIGHWAY COMMISSION, *Appellee*, v. (Isabelle S. Weiss, et al.) SAFEWAY STORES, INC., *Appellant.*

OPINION ON REHEARING

(228 P. 2d 208)

 Opinion
on rehearing filed March 6, 1951. Former opinion set aside. (For original
opinion of affirmance, see *State Highway Commission v. Safeway Stores,* 170
Kan. 413, 226 P. 2d 850.)

*Raymond H. Carr,* of Mission, argued the cause, and *Rolla W. Coleman,* of
Mission, was with him on the briefs for the appellant.

*Roy S. Lowe,* of Olathe, and *W. B. Kirkpatrick,* of Topeka, argued the cause,
and *Mason Mahin,* general counsel for highway commission, was with them
on the briefs for the appellee.

The opinion of the court was delivered by

WEDELL, J.: This action originated as a condemnation proceeding
to acquire land for state highway purposes under the provisions of
G. S. 1949, 26-101. Isabelle S. Weiss, the landowner, accepted pay-
ment of the award made by the appraisers for the land taken and is
not a party to this appeal. Safeway Stores, Incorporated, the tenant
of the landowner, operated a grocery store facing the highway
which was sought to be widened, thereby leaving less space for
parking purposes in front of the store building. The appraisers
awarded damages to the landowner for land taken in the sum of
$1,015.33 and to the tenant the sum of $1,750 for "loss of business
and all other damage." The state highway commission appealed
from the awards. On the trial in the district court the jury allowed
the tenant no damages and from the judgment the tenant alone has
appealed to this court.

The first chapter of this case was here on appeal by the same
tenant, Safeway Stores, Incorporated. (*State Highway Commission
v. Weiss,* 167 Kan. 427, 207 P. 2d 480.) Only a portion of that
opinion need be noticed for present purposes. The tenant made
two contentions in that original appeal. It complained, first, the
trial court erred in denying it the right to draw down the award
of damages made by the appraisers in its favor, after the commis-
sion had perfected its appeal from that award to the district court.
The basis of the contention was the commission could not deposit
the amount of the award with the clerk of the district court, take
possession of the condemned land pursuant to the statute, G. S.
1949, 26-101, and thereafter appeal from the award. We held in
the first case the tenant's appeal from that separate ruling, not

having been taken within two months as provided by G. S. 1947 Supp. 60-3309, was too late.

The tenant also appealed in the first case from an order of the district court which permitted the commission to withdraw from the office of the court clerk the amount of the award to the tenant. We reversed that particular ruling, ordered the commission to return the money to the court clerk and directed that the appeal be tried on its merits.

The action was accordingly tried on its merits but the tenant again raised the same question of the commission's right to appeal. On the trial of the case the commission prevailed and the tenant appealed from the final judgment and again contended in this court the commission had lost its right of appeal by reason of the facts previously stated. On that particular point we followed our ruling in the first appeal stating that if the question was raised too late on the first appeal it was raised too late on the second appeal. (*State Highway Commission v. Safeway Stores*, 170 Kan. 413, 226 P. 2d 850.)

The tenant filed a motion for rehearing, which we granted. The tenant, among other things, now asserts that after final judgment it was entitled to have a review of the trial court's ruling which permitted the commission to appeal to the district court. It relies on G. S. 1949, 60-3314a, which reads:

"When a party appeals, after a final judgment against him the fact that some ruling of which he complains was made more than two months before he perfected his appeal shall not prevent a review of the ruling."

It is contended that statute should be held to apply to the trial court's ruling touching the commission's right of appeal although the tenant was previously too late to obtain a ruling thereon prior to final judgment and notwithstanding the fact this court ordered the district court to try the appeal from the appraisement on its merits. Although we have no previous decision precisely in point factually we think the tenant's contention is sound in principle. (See the various cases listed under the statute.)

If, after a deposit of the amount of the appraisement and the taking of possession of the land pursuant to the statute, a condemnor actually has no right of appeal then the district court, of course, acquires no jurisdiction and the verdict of the jury and a judgment returned pursuant thereto are nullities.

In order for the condemnor to take possession it was necessary under the statute that the amount of the appraisement be deposited with the clerk of the district court and that the court costs and the fees of the appraisers be paid. In *Lowrey v. State Highway Comm.*, 170 Kan. 548, 228 P. 2d 210, involving six appeals we have this day held:

"Under G. S. 1949, Ch. 26, Art. 1, a petitioner in a condemnation proceeding who deposits with the clerk of the district court the total amount of the appraisement and pays the court costs and the fees of the appraisers, may not perfect and maintain an appeal from the appraisement."

It follows the final judgment of the district court and of this court in the instant case must be set aside. It is so ordered and the district court is directed to order paid over to the tenant, Safeway Stores, the amount of the appraisement in the sum of $1,750 together with interest thereon at the rate of six per cent per annum from and after July 24, 1947, the date of the tenant's demand therefor, and to render judgment against the commission for the costs of the appeal.