#### No. 38,101

D. I. LOWREY and MINNIE C. LOWREY, his wife; ALBERT J. FIESER and GRACE FIESER, his wife; O. F. BOGLE and MABEL V. BOGLE, his wife; ALBERT R. JANNE and AMELIA JANNE, his wife; JOHN HOLDER, MINNIE DOZE, PEARL STEPHENS, FRED HOLDER, KAY HOLDER and ISABEL KEMP, *Appellees*, v. STATE HIGHWAY COMMISSION OF KANSAS, *Appellant.*

#### No. 38,102

ALBERT J. FIESER and GRACE FIESER, his wife, *Appellees*, v. STATE HIGHWAY COMMISSION OF KANSAS, *Appellant.*

#### No. 38,103

O. F. BOGLE and MABEL V. BOGLE, his wife, *Appellees*, v. STATE HIGHWAY COMMISSION OF KANSAS, *Appellant.*

#### No. 38,104

JOHN HOLDER, MINNIE DOZE, PEARL STEPHENS, FRED R. HOLDER, KAY HOLDER and ISABEL KEMP, *Appellees*, v. STATE HIGHWAY COMMISSION OF KANSAS, *Appellant.*

#### No. 38,105

ALBERT R. JANNE and AMELIA JANNE his wife, *Appellees*, v. STATE HIGHWAY COMMISSION OF KANSAS, *Appellant.*

No. 38,106

D. I. Lowrey and Minnie C. Lowrey, his wife, *Appellees* v. State Highway Commission of Kansas, *Appellant.*

(228 P. 2d 210)

Opinion filed March 6, 1951.

*Alfred J. Anderson* of Iola, argued the cause, and *Stanley Taylor,* assistant attorney general, *Harold Steinrauf,* of Topeka, and *Claude E. Jurney,* of Kingman, were with him on the briefs for the appellant.

*Paul R. Wunsch,* of Kingman, argued the cause, and *Chas. H. Stewart,* of Kingman, was with him on the briefs for the appellees.

The opinion of the court was delivered by

Thiele, J.: The six appeals under consideration present the basic question whether under the provisions of G. S. 1949, ch. 26, art. 1, the condemnor may deposit with the clerk of the district court the appraisement made by the appraisers, pay the court costs and appraisers' fees as fixed by the court, and at the same time perfect and maintain an appeal from the appraisement. Such differences as there are in the appeals will be noted later.

Under the provisions of G. S. 1949, 68-413 the state highway commission may acquire title by exercise of the right of eminent domain to any lands necessary for the construction, improvement, reconstruction, maintenance or drainage of the state highway system, and when such right is exercised it is in accordance with the provisions of G. S. 1935, ch. 26, art. 1, and any amendments thereto. As amended the statute now appears as first above mentioned. G. S. 1949, 68-413, contains no supplementary or restrictive provisions on exercise of the right of eminent domain nor on the procedure to be followed.

Acting under the above statutes the state highway commission, hereafter referred to as the commission, on December 21, 1949, filed its petition in the district court of Kingman county for condemnation of several tracts of land in that county. The petition was approved, appraisers were appointed, requisite notices were

given and on January 17, 1950, the appraisements were made and later returned into court. On February 16, 1950, the commission paid the amounts of the several appraisements to the clerk of the district court. On the same day the commission filed notices directed to the owners of the several tracts of land that it was dissatisfied with the appraisement made in each particular case and that it appealed to the district court for a trial *de novo* on the question of damages, and it also filed the bonds for costs as provided by G. S. 1949, 26-102, and thereafter each appeal was separately docketed and given a number. Later and on March 20, 1950, the commission paid to the clerk of the court the costs in the condemnation case.

In the case covered by our number 38,101, the landowners on March 24, 1950, filed their several motions in the original condemnation proceeding alleging the appraisement; that the commission had paid the amount of the appraisement into court and had taken possession of the involved lands; that petitioners had made demand upon the clerk to pay the award to them but that the clerk had not done so, and they prayed for an order directing the clerk to make such payment. On March 27, 1950, these motions were heard by the trial court and sustained, and from the several orders made the commission has appealed to this court.

In the cases covered by our numbers 38,102, 38,103, 38,104, 38,105 and 38,106 the several landowners filed their motions in the actions docketed as a result of the appeals from the awards alleging the appraisement; that the commission had paid the amounts of the award into court and had taken possession of the lands condemned; that the commission by so doing had acquiesed in the appraisement and had no right to appeal therefrom and they prayed that the several appeals be dismissed. On March 27, 1950, these motions were heard by the trial court and sustained, and from the several rulings made the commission has appealed to this court.

Under an order of this court the appeals were ordered consolidated for the purpose of briefs and argument and they have been so presented. Although not expressly stated, the commission seems to concede that if it may not appeal under the circumstances set forth, the trial court did not err in ordering the amounts of the appraisements paid to certain landowners, and the only question presented for our consideration is the one first stated herein.

Reference to G. S. 1949, 26-101, will disclose that it provides that:

"Any corporation having the right of eminent domain, except railroad and interurban railway corporations, and any partnership holding a certificate of convenience issued by the state corporation commission and having the right of eminent domain, shall exercise such right in the following manner: . . ."

Provision is then made for the filing of a petition, for a finding of power to condemn in the petitioner, for appointment of appraisers, for notice to landowners, for appraisement and for filing of the appraisers' report in the office of the district court. The section then concludes:

"If the petitioner desires to acquire the land at the appraised price it shall within thirty days deposit with the clerk of the district court the total amount of such appraisement, shall pay the court's costs and the fees of the appraisers, to be fixed by the court or the judge thereof, and the title to all such lots and parcels of ground thereupon shall immediately vest in the said petitioner, and the said petitioner shall be entitled to the immediate possession thereof and all remedies provided by law for the security of such title and possession. If the petitioner shall not within thirty days comply with all of the terms of such condemnation or appeal therefrom, judgment for the costs of such proceeding, including appraisers' fees, shall be entered against the petitioner as in other cases."

Provision for appeals is made in G. S. 1949, 26-102, which reads:

"If the petitioner or the owner or any lienholder of record of any lot or parcel of ground so condemned shall be dissatisfied with the appraisement thereof, he shall, within thirty days, file a written notice of appeal with the clerk of said court, and give bond for the costs thereof, to be approved by said clerk, and thereupon an action shall be docketed and tried the same as other actions."

In its argument that it can pay the amount of the appraisement into court and take possession of the land and at the same time appeal from the appraisal, the commission first directs our attention to article 12, section 4, of our state constitution, that "No right of way shall be appropriated to the use of any corporation, until full compensation therefor be first made in money, or secured by a deposit of money, to the owner, . . ." We shall not discuss whether that provision is applicable here, but see *Comm'rs. of Pottawatomie Co. v. O'Sullivan*, 17 Kan. 58; *Callen v. Junction City*, 43 Kan. 627, 23 Pac. 652; and *Sullivan v. City of Goodland*, 110 Kan. 359, 203 Pac. 732. The commission, after quoting a portion of G. S. 1949, Ch. 26, as set out above, then directs our attention to *Glover v. State Highway Comm.*, 147 Kan. 279, 77 P. 2d 189, and makes a long quotation from that portion of the opinion beginning on page 285 where the nature of condemnation in the light

of our statutes is discussed. Examination of that opinion will disclose that the question there involved was whether a dissatisfied landowner had properly perfected an appeal from the appraisement made. The language quoted does contain a comprehensive review of the law concerning condemnations but it is silent, either by direct statement or by analogy, on the question now before us.

The commission places strength on the statement in the Glover case, *supra*, that the award or appraisement made in a condemnation proceeding is not a judgment and argues that the deposit of the amount of the appraisement is merely a compliance with the constitutional provision and the statute mentioned which enables it to become entitled to the possession of the lands condemned, and that mere payment of the amount of the appraisement into court in order that it complete its right to possession does not preclude its right to appeal. It passes lightly over that part of the statute that, "If the petitioner desires to acquire the land at the appraised price it shall within thirty days deposit with the clerk of the district court the total amount of such appraisement," and stresses the last sentence of that paragraph that, "If the petitioner shall not within thirty days comply with all of the terms of such condemnation or appeal therefrom, judgment . . . shall be entered against the petitioner . . ." and argues that such language provides for appeals by the condemnor as a matter of right. Ampliflying its argument the commission states that for the court to decide that it could not pay the amount of the appraisement and thus take possession of the lands condemned, and at the same time appeal would be tantamount to a denial of the right of appeal and would cause delay in public improvements pending litigation over the amount of the appraisement and if speed was required the highway commission would be at the mercy of the appraisers, and that undue hardship would result.

In support of the above argument the commission directs attention to textbooks and general authorities, Nichols on Eminent Domain, 2 Ed., Vol. 1, page 643; 30 C. J. S. 19, 24, Anno.; 55 A. L. R. 201, and to the case of *City of St. Louis v. Gerhart Realty Co.*, 328 Mo. 103, 40 S. W. 2d 661, which for present purposes may be said to support its argument, and to our decision in *Central Branch U. P. R. Co. v. Atchison, T. & S. F. R. Co.*, 28 Kan. 453, which does not. In that case, after the commissioners appointed by the judge of the district court had filed their report with the county clerk, the condemning company deposited the amount of the damages awarded

with the county treasurer. The landowner company appealed under the provisions of Comp. Laws 1879, ch. 23, § 86. When the condemning company was about to enter upon the land the landowner company applied for an injunction which was denied, and appeal followed. On appeal the judgment of the trial court was affirmed. We shall not set out here a review of the rather long opinion, but shall merely point out that the statute was held to be constitutional, that under its terms the condemning company might take possession and use the land notwithstanding the appeal, and, so far as we are now concerned, the gist of the decision is embodied in the fifth paragraph of the syllabus, which reads as follows:

"The legislature of 1870 enacted a statute which authorized, on the application of a railroad company, the appointment of commissioners to assess damages caused by the appropriation of land for the right of way, and required the company to deposit the amount of such award with the county treasurer, subject to the order of the land-owner. It further provided that the land-owner might appeal from such award, but that such appeal should only be as to the amount of damages, and should not delay the prosecution of the work; and that the railroad company, upon giving a bond conditioned for the payment of all damages which should finally be recovered, might enter upon the land and construct its road. *Held,* that such statute was valid; that the occupation by the railroad company pending the appeal was provisional only; and that the land-owner, seeking to avail himself of the benefit of the appeal, must take it subject to the conditions imposed by the legislature."

As can be seen, that case did not involve nor decide the right of the condemnor to pay the amount of the award and at the same time appeal.

The commission also quotes at length from *State Highway Comm. v. Puskarich,* 148 Kan. 385, 83 P. 2d 131, where the commission instituted proceedings which resulted in an award to the landowner, which was paid into court. The commission and the landowner, each filed a notice of appeal. The commission then discovered it was already the owner of a strip included in the lands sought to be condemned and it filed its motion to abandon the proceedings and to have the award returned to it. The district court permitted withdrawal of the deposited money. It also denied the motion to abandon and made an order that the award be redeposited. On appeal the question was as to the commission's right to abandon the condemnation proceedings. This court held it had such right. The question of the right to pay and also to appeal is not mentioned.

An exhaustive review of our various statutes wherein the right of eminent domain may be exercised, the procedure specified, and

what may be done in case the condemnor desires to appeal from the appraisement of damages or award made would unduly extend this opinion. Only a few instances will be noted.

Under the general drainage district law the power of eminent domain is granted and provision made as to the manner. Insofar as appeals by the district are concerned, it is provided, in effect, that upon the payment of the award and the filing of a certain report, the district shall have the right to occupy the lands. It is further provided that if the district deems itself aggrieved it may appeal and in such case shall not be required to deposit the award or have any right to occupy the lands (G. S. 1949, 24-441, 442, 444). A similar provision is made with reference to appeals by the city in public improvements made by the city (G. S. 1949, 13-1051). (See, also, G. S. 1949, 13-1025g.)

The statute conferring the right of eminent domain on railway corporations (G. S. 1949, 66-901 to 906) is substantially the same statute as was considered in *Central Branch U. P. R. Co. v. Atchison, T. & S. F. R. Co.*, supra, and need not be further detailed here. In the provision for condemnations generally by cities it is provided the city may appeal in the same manner as provided for appeals by the owners of land except that the city need not give bond for costs and shall not be required to make deposit of the money or have any right to occupy the land condemned pending the appeal (G. S. 1949, 26-206). The above statement does not exhaust the statutory provisions, but we deem it sufficient to show that language appropriate to protect the rights of the condemnor and the landowner with respect to payment of the award, possession of the land and the right to appeal has been used on various occasions by the legislature.

Taking up the statute governing the instant appeals, it is noted that it is limited in its terms to any corporation having the right of eminent domain except railroad, interurban railway corporations and certain partnerships. If appellant's argument that a denial of its right to pay the appraisement and costs and at the same time appeal from the appraisement would cause undue delay in public improvements and put the commission at the mercy of the appraisers is sound, it would mean that the same right to pay and nevertheless maintain an appeal was open to every condemnor within the purview of the act. We shall not pursue this phase of the matter further than to state that such a result should not be declared unless compelled by the statute.

We are of the opinion, however, that the lanuage of the statute is such that the legislative intent is clear. It is expressly stated that if the petitioner desires to acquire the land at the appraised price it shall pay the amount of the appraisement and the costs as specified to the clerk of the court and it shall be entitled to the immediate possession of the land. In this case it is undisputed that the payments were mac ɜ and the possession taken. The statute further provides that if the petitioner does not, within thirty days, comply with all the terms of such condemnation, that is, pay the amount of the appraisement and costs, "or appeal therefrom" judgment shall be entered against it for costs. To sustain the commission's contention we would have to read "or appeal therefrom" as though it read "and appeal therefrom" for at no place in the section is there any other provision with reference to its right to appeal. We need not labor the point that a condemnation in its first stage is only an inquest and that the amount of- the appraisal is not a judgment. Conceding both to be true, it must always be borne in mind that the right to condemn is being exercised under a statute the constitutionality of which is not challenged, and that under its provisions, the commission may acquire the land and its possession by paying the amount of the appraisal and costs. If done, that would constitute an acceptance of the appraisement. The only provision for appeal by the commission is in the event it does not comply with the first provision. The conclusion just expressed is fortified by the language of the succeeding section of the statute which provides that, "If the petitioner . . . shall be dissatisfied with the appraisement" he shall do certain things to perfect his appeal. The only appeal the petitioners may have is that granted by the legislature and under the statute here involved, the petitioner was not given an added right of appeal but only an alternative one. The action of the commission in paying the amount of the award and the costs and taking possession can only be construed as a satisfaction with the appraisement.

Both parties direct our attention to language in *Miltimore v. City of Augusta*, 140 Kan. 520, 527, 38 P. 2d 675, where in connection with a claim for interest on the entire compensation award as found by the jury rather than only on the amount in excess of the appraisement. It was there said:

"But suppose he had drawn the money as soon as it was available? What would have happened to his appeal? Any tyro in the law could tell him that such an act on his part would be tantamount to an unqualified acceptance of

the award and thus utterly defeat his appeal. (Citing cases) In *Paulson v. McCormack,* 133 Kan. 523, 526, 1 P. 2d 259, it was said:

" 'Time and again it has been held that anything that savors of acquiescence in a judgment cuts off the right of appellant review.' "

The commission argues that the appraisement is not a judgment and that the conclusion of the Paulson case does not pertain to the appraisement. We see no reason, however, in the absence of a statutory provision to the contrary, why acceptance of an appraisement by a condemnor should not be equally as binding as an acceptance by the landowner.

During the course of the oral argument attention of counsel was directed to our decision in *State Highway Commission v. Weiss,* 167 Kan. 427, 207 P. 2d 480, which was not cited in either brief. In that case the appraisement in condemnation proceedings covered the interest of the landowner Weiss and damage to her tenant Safeway Stores. The commission paid the total amount of the appraisement into court and at the same time filed an appeal. Later, on February 25, 1947, as disclosed by a journal entry, all parties appeared in the district court and orally stipulated that the amount of the appraisement to Weiss should be paid to her and that the abandonment of that part of the commission's appeal should in no way affect the status of the appeal as to the amount to which Safeway Stores was entitled and an order was made accordingly. On July 24, 1947, Safeway Stores filed a motion that the amount of the appraisement damages be paid to it and the commission filed its motion for a refund of the amount to it. On March 5, 1948, the motion of Safeway Stores was denied and on May 27, 1948, the commission's motion was allowed. On June 29, 1948, Safeway Stores appealed to this court. The commission's objection that the appeal of Safeway Stores on its motion to draw down the amount of the appraisement to it was too late was sustained; but the court did consider the appeal insofar as the ruling on the commission's motion for a refund was concerned. In the decision is some discussion of the contention of Safeway Stores that the commission, by paying the amount of the appraisal into court, waived its right to appeal and of the commission's contention it did not. The contentions as presented were not expressly decided. It was held that the real gist of the dispute was over the amount due, if any, to the tenant as was disclosed by the language of the journal entry of February 25, 1947, and that under the record pre-

sented the funds should be paid into court pending determination of the commission's appeal.

Our opinion in the above appeal was filed June 11, 1949, and thereafter in the district court Safeway Stores filed its objection to the reception of evidence on the ground that the commission could not deposit the amount of the appraisement with the court, take possession of the land and at the same time appeal from the appraisement. This motion was not allowed, evidence was received and a judgment in favor of the commission followed. Safeway Stores appealed from that judgment and in this court again raised the proposition that the commission had no right to maintain an appeal from the amount of the appraisement. In an opinion filed January 27, 1951, (*State Highway Commission v. Safeway Stores,* 170 Kan. 413, 226 P. 2d 850), this court adhered to the rule as set forth in the first appeal. A rehearing was granted and the matter was reargued at the March session. Upon consideration, it was determined that the appellant's contention, theretofore denied, should be sustained and that the commission, having paid the amount of the appraisement into court, may not maintain an appeal and that the judgment of the trial court should be reversed with directions to enter judgment that the amount of the appraisement there involved be paid to Safeway Stores. See *State Highway Commission v. Safeway Stores,* 170 Kan. 545, 228 P. 2d 208.

Some other arguments are made in the briefs which we find it unnecessary to discuss.

The judgments appealed from are affirmed.