No. 42,901

STATE HIGHWAY COMMISSION OF KANSAS, *Appellant,* v. D-X SUNRAY OIL COMPANY, *Appellee.*

(378 P. 2d 44)

Opinion filed January 26, 1963.

*Charles N. Henson,* Assistant Attorney General, argued the cause, and *Kenton C. Granger,* Assistant Attorney, State Highway Commission, was with him on the briefs for the appellant.

*Kenneth P. Stewart,* of Wichita, argued the cause, and *John E. Boyer, Paul J. Donaldson, Harold T. Beck,* and *James R. Hanson,* all of Wichita, and *M. D. Kirk, J. P. Greve,* and *John A. Lander, Jr.,* all of Tulsa, Okla., were with him on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, C. J.: This appeal springs from a statutory condemnation proceeding initiated by the State Highway Commission (hereinafter referred to as the Commission), as Master Condemnation Case No. A-76777, to acquire divers tracts of land located in Sedgwick County for right of way purposes, including a 0.41 acre tract owned by the D-X Sunray Oil Company (hereinafter referred to as the Company), pursuant to the provisions of G. S. 1949, 26-101.

The informative and controlling facts are conceded and may be stated thus:

The Commission presented a petition to the district court of Sedgwick County, seeking condemnation of the tracts of land above mentioned, on April 23, 1959.

Following the appointment of appraisers, and subsequent proceedings, not here in question, the appraisers, on July 9, 1959, made a written report of their appraisement of all tracts involved to the district court, wherein the value of the 0.41 acre tract of land owned by the Company, described as Tract No. 3, was fixed at $46,001.00. The report was approved by the court and filed with its clerk on the date it was presented.

Subsequently, and on July 31, 1959, the total amount of the awards for all tracts of land involved in Condemnation Case No. A-76677, amounting to $1,195,789.00, was paid by the Commission to the clerk of the district court of Sedgwick County.

Thereafter, and on August 7, 1959, the Commission filed a verified declaration of just compensation for the Company's tract of land in the amount of $16,013.27 in the district court. On the same day the Company filed a notice of appeal from the appraisers' award.

On August 8, 1959, the Commission filed its notice of appeal from the appraisers' award for the Company's tract and its bond for costs with the clerk of the district court.

Later, and on September 15, 1961, the Company filed a motion to dismiss the appeal of the Commission on grounds of acquiescence and that the condemner's procedure was not in accord with G. S.

1949, 26-101 and 26-102. This motion was sustained and the Commission's appeal dismissed by the district court on October 23, 1961.

Thereupon, and on November 20, 1961, the Commission perfected the instant appeal and brings the case to this court under a single specification of error charging that the district court erred in sustaining the Company's motion to dismiss the Commission's appeal from the award of the court appraisers because of acquiescence and in rendering judgment accordingly.

Even though the facts, as heretofore related, suffice to dispose of the merits of the instant appeal, we believe that, in the interest of accuracy and to complete the factual picture in the court below, they should be supplemented by stating the record (1) shows the Company's dismissal on November 1, 1961, of its appeal from the court appraisers' award, also a court order, dated January 30, 1962, correcting an inadvertent error by the appraisers in the amount of their award for Tract No. 3, which matters are subject to a separate appeal and not here involved; and (2) further discloses that, pursuant to court orders, the Company had received and accepted the full amount of the appraisers' actual award for Tract No. 3, prior to the dates on which it filed motions in this court, to be presently mentioned, to dismiss the Commission's appeal because it had failed to file an abstract of the record within the time prescribed by Rule No. 8 (G. S. 1949, 60-3826) of this court.

Although, couched in different language, statements made by the respective parties make it obvious this appeal presents a single— all decisive—issue. That this is so is fully demonstrated by their respective statements of the question involved.

Appellant's statement of the question presented reads:

"May the State Highway Commission maintain an appeal pursuant to G. S. 1961 Supp., 26-102, after having paid to the clerk of the district court the court appraisers' award allowed for a tract condemned pursuant to G. S. 1949, 26-101, and later, but within thirty days after the appraisers' award was filed, having filed a verified statement of just compensation and a notice of appeal?"

Appellee's version of such question is stated thus:

"Condemner, State Highway Commission of Kansas, acquiesced in the award of the appraisers when it paid into the court the full amount of said award prior to filing, its verified estimate of just compensation, and its notice of appeal to the District Court; said acquiescence defeats condemner's right of appeal."

At the outset we are confronted with a question which must be determined before any consideration need be given to the merits of the appeal.

Prior to the date on which appellant filed its abstract with the clerk, appellee filed two motions with the court asking that the appeal be dismissed for the reason appellant had failed to file its abstract within the time prescribed by Rule No. 8. The first motion was denied for want of a proper showing and the second was denied with leave to renew at the hearing on the merits. It is true appellant failed to file its abstract within the time prescribed by the rule. It is equally true the court has said (see *Schulte v. Westborough, Inc.*, 163 Kan. 111, 117, 180 P. 2d 278, 172 A. L. R. 259, 265) that where hardship or disadvantage results from that failure it will not hesitate to take such action as the circumstances warrant. However, it has also stated and held (see *Taylor v. State Highway Commission*, 182 Kan. 397, 320 P. 2d 832, cited with approval in *Price v. Brodrick*, 183 Kan. 71, 72, 325 P. 2d 387), that, notwithstanding the rule, before an appeal will be dismissed the court will consider the circumstances as to whether failure to comply with such rule has resulted in hardship or disadvantage to the opposition and, in the event it has not done so, will refuse to dismiss the appeal.

Neither of the motions now under consideration charged that appellant's failure to file its abstract within the proper time had resulted in prejudice to the appellee, nor did appellee make any affirmative showing in the briefs or in oral argument that such failure had worked hardship or disadvantage to it or prejudiced it in any way. Notwithstanding, we have carefully examined the record presented and, after doing so, have decided that, under the facts and circumstances to which we have heretofore referred, no apparent prejudice resulted to appellee by reason of appellant's failure to file its abstract within the time required by the rule. Therefore, following what is said and held in *Taylor v. State Highway Commission*, supra, and *Price v. Brodrick*, supra, we conclude the motions in question should be and they are hereby overruled.

Turning to the merits of the appeal it should now be stated that contentions made by the parties with respect to their views as to the decisive question involved require an interpretation of the general condemnation law of this state (Chap. 26, Art. 1 of our General Statutes) as it existed prior to and after one section thereof was amended by the legislature in 1953.

G. S. 1949, 26-101, relating to the right of eminent domain and the exercise thereof, has remained the law of this state without amendment, since 1949 (*see* Laws 1949, Chapter 258).

The last paragraph of such section is all that is involved in this appeal. It reads:

"If the petitioner desires to acquire the land at the appraised price it shall within thirty days deposit with the clerk of the district court the total amount of such appraisement, shall pay the court's costs and the fees of the appraisers, to be fixed by the court or the judge thereof, and the title to all such lots and parcels of ground thereupon shall immediately vest in the said petitioner, and the said petitioner shall be entitled to the immediate possession thereof and all remedies provided by law for the security of such title and possession. If the petitioner shall not within thirty days comply with all of the terms of such condemnation or appeal therefrom, judgment for the costs of such proceeding, including appraisers' fees, shall be entered against the petitioner as in other cases."

Prior to 1953 G. S. 1949, 26-102, granting parties the right to appeal from condemnation awards in eminent domain proceedings, contained a single provision which reads:

"If the petitioner or the owner or any lienholder of record of any lot or parcel of ground so condemned shall be dissatisfied with the appraisement thereof, he shall, within thirty days, file a written notice of appeal with the clerk of said court and give bond for the costs thereof, to be approved by said clerk, and thereupon an action shall be docketed and tried the same as other actions."

With the foregoing sections of the statute in force and effect, in form as heretofore quoted, the law of this state was determined and settled by our decisions in *State Highway Commission v. Safeway Stores*, 170 Kan. 545, 228 P. 2d 208; and *Lowrey v. State Highway Comm.*, 170 Kan. 548, 228 P. 2d 210.

Stated in summarized fashion those decisions, which we pause here to note were based upon an interpretation of the right of appeal given a condemner under G. S. 1949, 26-101 and 26-102, hold that the State Highway Commission had the choice of either paying the amount of the court appraisers' award or appealing from the award to the district court; and it was not authorized to pay the amount of the appraisers' award, thus acquiring title to the land pursuant to 26-101, *supra*, and at the same time maintain an appeal from the award to the district court pursuant to 26-102, *supra*. Otherwise stated, the rule laid down by the foregoing decisions is that, under the statutes in force and effect at the time such decisions were decided, a condemner could either acquire the property involved in a condemnation proceeding or appeal from the appraisers' award but he could not do both. The correctness of what has just been stated is fully demonstrated by the foregoing decisions.

In *Lowrey v. State Highway Comm.*, supra, we held:

"Under G. S. 1949, ch. 26, art. 1, a petitioner in a condemnation proceeding who deposits with the clerk of the district court the total amount of the appraisement and pays the court costs and the fees of the appraisers, may not perfect and maintain an appeal from the appraisement." (Syl.)

The second paragraph of the syllabus in *State Highway Commission v. Safeway Stores*, supra, although worded differently, is of like import.

In passing, because we believe it is entitled to weight by reason of reasonable inferences to be drawn therefrom in connection with matters to be presently mentioned, pertinent language used by this court in reaching its decision in *Lowrey v. State Highway Comm.*, supra, should be stated. Such language reads:

". . . it must always be borne in mind that the right to condemn is being exercised under a statute the constitutionality of which is not challenged, and that under its provisions, the commission may acquire the land and its possession by paying the amount of the appraisal and costs. If done, that would constitute an acceptance of the appraisement. *The only provision for appeal by the commission is in the event it does not comply with the first provision.* The conclusion just expressed is fortified by the language of the suceeding section of the statute which provides that, 'If the petitioner . . . shall be dissatisfied with the appraisement' he shall do certain things to perfect his appeal. *The only appeal the petitioners may have is that granted by the legislature and under the statute here involved, the petitioner was not given an added right of appeal but only an alternative one.* The action of the commission in paying the amount of the award and the costs and taking possession can only be construed as a satisfaction with the appraisement." (p. 555.) (Emphasis supplied.)

In 1953, at the next legislative session following rendition of the decisions to which we have just referred, the legislature, by an enactment titled "AN ACT relating to eminent domain *and providing for appeals*, amending section 26-102 of the General Statutes of 1949, and repealing said original section." (Emphasis supplied), amended G. S. 1949, 26-102 (Laws 1953, Chapter 200), which now appears as G. S. 1961 Supp., 26-102. In such amendment it included *in toto* the first sentence of G. S. 1949, 26-102, as heretofore quoted, and, in addition, immediately following such sentence, added the following language:

". . . *Provided, however, If petitioner desires to take immediate possession of the property condemned but desires to appeal from the award of the appraisers, then said petitioner shall file with the clerk of the court a verified declaration or statement of the sum of money estimated by said condemner to be just compensation for the land taken, including damages, and by depositing the amount for which the property taken was appraised with*

*the clerk of the court, to the use of the persons entitled thereto, and said lands shall be deemed to be condemned and taken for the use of petitioner, and title to said lands shall vest in said petitioner and condemner; and said final compensation shall be ascertained, established and awarded by judgment on appeal; which payment as aforesaid by the condemner shall be without prejudice to petitioner's right of appeal.* The court may order that the sum of money estimated by the petitioner as shown by the verified declaration or statement hereinbefore provided for be paid forthwith for or on account of the just compensation to be awarded in said proceeding. If the compensation finally awarded in respect to said lands, or any parcel thereof, shall exceed the amount of the money paid in by condemner and so received by any person entitled, the court shall enter judgment against the condemner for the amount of the deficiency with interest at the rate of six percent per annum from the date of taking to the date of payment; but interest shall not be allowed on so much thereof as shall have been paid into the court. If the compensation finally awarded to any owner or lien holder is less than the amount that has been paid to him, the court shall enter judgment against him and in favor of the condemner for the overpayment. *The acceptance by the owner, lien holder, or interested party of the full amount of the award of the commissioners,* or the amount paid into court or any part thereof by the condemner, as set forth in the verified statement or declaration of said condemner as aforesaid, *shall be without prejudice to the right of appeal by said land owner, lien holder, or interested party,* as provided herein, the issue of compensation to be determined on appeal by jury trial, and final judgment of the court." (Emphasis supplied.)

Appellee spends much time in its brief and on oral argument to a contention the enactment of G. S. 1961 Supp., 26-102, in its present form by the legislature, does not abrogate the rule announced in the *Lowrey* and *Safeway* cases. We do not agree. Without laboring arguments advanced on the point, all of which have been carefully considered, it suffices to say that the new amendment, in clear and unmistakable terms, gives the condemner (here the Commission) in an eminent domain proceeding the right to take immediate possession of the condemned property, upon compliance with conditions and circumstances therein described, coupled with the additional right to maintain an appeal from the appraisers award; whereas the rule announced in the cases to which we have just referred, as we have previously indicated, is based squarely upon the premise that, under statutes then in force and effect, the condemner *could* either acquire the property involved in a condemnation proceeding by paying the amount of the appraisers' award *or* maintain an appeal from such award but he could not do both. It is interesting to note the conclusions just announced find some support in reasonable inferences to be drawn from statements made in the heretofore quoted portion of the opinion in the *Lowrey* case.

Directing our attention to pages 538 and 539 of the opinion in *Burke v. Board of Education of Common School District No. 110,* 181 Kan. 534, 313 P. 2d 292, where we quoted G. S. 1955 Supp., 26-102, now G. S. 1961 Supp., 26-102, at length and separated various provisions of that section of the statute by inserting numbers 1 to 10, incl.—which quotation, as it appears in the *Burke* opinion, is hereby made a part of this opinion by reference—appellee suggests that we thereby intended to indicate that conditions therein set forth, after numerical numbers 1 to 3 incl., must be complied with in sequence by a condemner in order to acquire possession of condemned property and at the same time maintain an appeal from the appraisers' award. Let us see. Preliminary to identifying the various provisions of the statute in the manner indicated we stated clearly that our action in that respect was "For purposes of convenience and clarity in further discussion." Contrary to appellee's suggestion the court did not intend to indicate the conditions set forth in the provisions identified by such numbers were to be performed in sequence. Moreover, since the legislature did not see fit to make any such requirements we know of no sound reason why we should do so. Indeed, all things considered, if we were to so construe 26-102, *supra,* we would be reading something into the provisions of that section which the legislature did not see fit to include therein.

With further reference to the *Burke* case appellee points out that in the opinion, in connection with the purpose of the legislature in enacting the 1953 amendment (26-102), it is said:

"The change in the statute was no doubt intended by the legislature to alleviate a condition of hardship to a landowner, lien holder, or interested party caused by delay, resulting from litigation, in the payment of compensation for land taken, where the condemner took immediate possession of the land condemned." (p. 539.)

The foregoing statement is entirely proper when limited to the facts of the *Burke* case which raised questions as to the right of the landowner to draw down the amount of a condemnation award when the condemner had paid into court the amount of the appraisers' award pursuant to the provisions of the new amendment (26-102, *supra*). However, such statement is in no sense to be construed as indicating a view the legislature had only one purpose in mind in enacting the amendment. Aside from the fact it might have been dictum, under the facts involved in that case, we are of the opinion the court might have stated, with equal propriety,

that a further and additional purpose of the legislature in amending the statute was to allow a condemner who desired to take possession of land and immediately begin a public improvement to do so and at the same time appeal the question of the adequacy of the award, which the condemner believed to be unjustly excessive, to the district court—and we so hold.

We now come to the question whether, as appellee contends, G. S. 1961 Supp., 26-102, must be construed as compelling a conclusion the appellant herein was required to first file its notice of appeal from the appraisers' award and then file its verified declaration of statement of the sum of money estimated by it to be just compensation for the land taken, before it paid the amount of the appraisers' award into court, in order to maintain the instant appeal. After reviewing the provisions of such section of the statute in the light of pertinent well-established rules of statutory construction we have concluded that it does not warrant any such construction and that where—as here—all three requirements (identified in the *Burke* case by Nos. 1, 2 and 3) were complied with within the thirty day period granted for appeal by its terms, such appeal may be maintained.

We believe the foregoing conclusion becomes inescapable when it is kept in mind that 26-102, *supra*, fixes no time for performance of the conditions imposed and identified in the *Burke* case as Nos. 2 and 3; that one of the purposes for which such section was enacted was to provide means whereby the condemner could pay in the amount of an award and at the same time maintain an appeal; that payment of the full amount of the award shall be without prejudice to the condemner's right of appeal; and that the amended statute, giving the right to immediate possession and the additional right of an appeal from the appraisers' award, was enacted at the next session of the legislature after this court's announcement of the "either, or" rule in the *Lowrey* and *Safeway* cases.

Relying on the general rule of this jurisdiction that whatever savors of acquiescence in a judgment cuts off the right of appellate review, appellee strenuously urges payment of the award, under the confronting facts and circumstances of the present eminent domain proceeding constitutes acquiescence which precludes appellant's review of its appeal from the appraisers' award. We have

no quarrel with the rule of acquiescence as stated in *Gehring v. Goering*, 181 Kan. 994, 996, 317 P. 2d 424, and other decisions of like import cited by the appellee, but we do not agree they have application to deposits for the amount of appraisers' award made by the condemner in an eminent domain proceeding under the provisions of 26-102, *supra*. The short and simple answer to appellee's contention on this point is that where—as here—the statute in express terms gives one of two contending parties in such a proceeding the right to an award, and further provides that payment of such award for the use of the other party shall be without prejudice to the condemner's right of appeal, the payment so made does not constitute acquiescence in the award or afford any sound ground for dismissal of the condemner's appeal therefrom in the district court.

In passing it should be stated we have not overlooked the fact that appellee, in support of its position now under consideration, relies on a statement made by this court in *Kansas Bostwick Irrigation District v. Curtis*, 182 Kan. 296, 320 P. 2d 786, where it is said:

"There can be no argument with part of the trial court's theory and the contention of appellees that anything that savors of acquiescence in a judgment defeats the right of appeal. If the United States government were a party to the proceeding in eminent domain, then payment and acquiescence by it would constitute payment and acquiescence in the judgment by appellant whereby they would both be precluded from any appeal. (*Gehring v. Goering*, 181 Kan. 994, 996, 317 P. 2d 424.)" (p. 298.)

It suffices to say we have reviewed the case just mentioned and, after careful consideration, have concluded that anything appearing in the foregoing quoted statement, which is susceptible of a construction that payments of the appraisers' award by the condemner in an eminent domain proceeding under the provisions of 26-102, *supra*, for purposes of obtaining immediate possession of the property condemned and at the same time maintaining an appeal from the appraisers' award constitute acquiescence in the award and preclude the condemner's right to appeal therefrom, is unwarranted and therefore disapproved.

Based on what has been heretofore stated and held we have no difficulty in concluding the trial court's action in sustaining appellee's motion to dismiss the appellant's appeal from the appraisers' award was erroneous and that its action in sustaining such motion

should be reversed with directions to set aside its order dismissing such appeal.

It is so ordered.