No. 46,186

THE STATE HIGHWAY COMMISSION OF KANSAS, *Appellee,* v. ELDON
E. BULLARD, et al., *Defendants,* and LAURENCE SCUDDER, Intervenor
*Appellant.*

(493 P. 2d 196)

Opinion filed January 22, 1972.

*Ted M. Templar,* of Arkansas City, argued the cause and was on the brief for Intervenor-appellant.

*Curt T. Schneider, of Topeka,* argued the cause, and *John H. Morse,* assistant attorney general, *George W. Stanley* and *Richard R. Rock,* of Arkansas City, were with him on the brief for appellee.

The opinion of the court was delivered by

FATZER, C. J.: This is an appeal from an order of the district court of Cowley County, dismissing a tract of land from a master condemnation proceeding, and the subsequent overruling of the appellant Laurence Scudder's motion to intervene.

On March 13, 1970, the State Highway Commission negotiated with the owner of real estate in Cowley County, and purchased her fee simple title to the tract in question. Previously, and on September 26, 1961, the owner of the land executed a farm lease in favor of the appellant to the land in question, together with other agriculture lands, for a term of fifteen years, commencing September 1, 1961. In consideration therefor, the appellant agreed to make certain improvements in the future, and to pay the lessor one-third of all crops, as and for all rentals. The lease was duly recorded in Cowley County on September 27, 1961.

On March 26, 1970, the Commission commenced a condemnation proceeding pursuant to K. S. A. 26-501, *et seq.,* for the purpose of acquiring certain interests in land in Cowley County to facilitate the construction of a limited access four lane highway. The petition filed in the condemnation proceeding included the tract of land purchased from the owner on March 13, 1970, which was designated as tract No. 28, and alleged the Commission sought a permanent easement containing 12.82 acres, and a temporary easement containing 15.85 acres, in the tract. The petition reflected the appellant held a leasehold interest in the property. Both the owner and the appellant were named as defendants in the proceeding. Subsequently, the appellant received notice of an appraisers' hearing to be held in the district courtroom in Winfield on May 5, 1970, at 10:00 a. m.

On April 28, 1970, the Commission, upon discovery of the inclusion of tract No. 28 in the master condemnation, filed a motion to dismiss and delete that tract upon the ground the interest required for highway purposes had been previously acquired by "other means." On the same day, April 28, the district court sustained the Commission's motion, and ordered tract No. 28

deleted from the condemnation proceeding, and that the named defendants, the owner and the appellant, be dismissed from the proceeding as owners of the tract.

Subsequently, the appraisers' report determining damages to property taken and to the remainder, was approved by the district court. The report did not include the tract in question. On May 18, 1970, the Commission paid into the court the total award, appraisers' fees, and costs, as approved by the court, thereby vesting title in the Commission to the interests in the tracts condemned. (K. S. A. 26-507.)

Thereafter, and on May 21, 1970, the appellant filed a motion to intervene in the master condemnation, to assert his defense and make his claim for damages as set forth in his proposed answer attached thereto. The motion was argued and overruled on June 10, 1970, and the appellant perfected this appeal.

At the outset, it should be noted the Commission has not acquired the appellant's leasehold interest to the land in question, either by purchase or by eminent domain. However, we are advised the Commission has constructed the highway over, and has used and possessed the tract of land in question.

As indicated, the appellant was served with notice of the master condemnation by mail on or about April 25, 1970, all pursuant to K. S. A. 26-504 and 26-506. No irregularities are asserted in that respect. The appellant contends he had a right to be heard on the motion to dismiss and delete him as a party defendant, and the *ex parte* dismissal was improper. He further contends that, as an "owner" of the tract by virtue of his recorded farm lease, he had a right to intervene in the action once he had been originally included, and the failure of the district court to allow intervention was error. The appellant's contentions are not well taken.

This court has held on numerous occasions that proceedings in eminent domain instituted pursuant to K. S. A. 26-501, *et seq.*, as amended, are administrative and inquisitional in character. Prior to the taking of an appeal from the award of the appraisers pursuant to K. S. A. 1971 Supp. 26-508, the code of civil procedure has no application since the special statutory procedures are fully prescribed. As such, the eminent domain proceeding is not a proper forum for litigating the right to exercise the power of eminent domain, or to determine the extent of that right. (*Glover v. State Highway Comm.*, 147 Kan. 279, 77 P. 2d 189; *State v.*

*Boicourt Hunting Ass'n,* 177 Kan. 637, 282 P. 2d 395; *Kansas Homes Development Co. v. Kansas Turnpike Authority,* 181 Kan. 925, 317 P. 2d 794; *Sutton v. Frazier,* 183 Kan. 33, 325 P. 2d 338; *Smith v. Kansas Turnpike Authority,* 183 Kan. 158, 325 P. 2d 63; *Andres v. State Highway Commission,* 185 Kan. 554, 345 P. 2d 1004; *State Highway Commission v. Hembrow,* 190 Kan. 742, 378 P. 2d 62, and *Urban Renewal Agency v. Decker,* 197 Kan. 157, 415 P. 2d 373.) That being the case, the appellant had no right to be heard on the motion deleting tract No. 28 from the master condemnation, or dismissing him as a party defendant from the proceeding. (K. S. A. 26-507.)

The appellant argues that if the code of civil procedure does not apply, the Commission had no right to file a motion to dismiss in the master condemnation. The point is not well taken. The motion to dismiss and the subsequent order sustaining the motion, are procedural methods by which the condemner can upon its initiative abandon all, or certain tracts, in the master condemnation. Accurate property records require such mechanics, and to say that a mere motion to dismiss places the procedure within the scope of the code of civil procedure oversimplifies the issue. All that need be said is to point out the condemner had the authority pursuant to K. S. A. 26-507 to abandon the condemnation as to a particular tract or tracts, prior to its tender to the clerk of the district court of the amount of the appraisers' award, fees, and court costs, or until 30 days has expired after the filing of the appraisers' report. Thereupon, the condemnation is deemed abandoned. (*State v. Boicourt Hunting Ass'n,* 183 Kan. 187, 326 P. 2d 277; *Howard v. State Highway Commission,* 181 Kan. 226, 311 P. 2d 313.)

We conclude the Commission had authority to request the dismissal of the appellant's tract from the proceeding, and, as indicated, he had no right to be heard on that motion, nor did he thereafter, under the facts and circumstances, have standing to intervene. The tract of land in question had been dismissed from the proceeding, and the appraisers had made no award, determining damages in favor of the appellant, and to his remaining leasehold interest. However, as hereafter noted, he is not now in a position to contend he has no forum to litigate his right to just compensation. (*Dugger v. State Highway Commission,* 185 Kan. 317, 342 P. 2d 186; *Urban Renewal Agency v. Decker,* supra.)

The decision in this case is not intended in any way to give comfort to the Commission. It had no lawful right to the possession and use of the appellant's interest in the land. (*Weast v. Budd,* 186 Kan. 249, 253, 349 P. 2d 912.) The issue considered on appeal was one of procedural consistency, and in no way alters the appellant's right to commence an action under implied contract to recover the amount of damages sustained by him for the interest taken and used by the Commission for highway construction. The action on implied contract is by way of inverse condemnation and the same rules of law apply as to the determination of a right to damages, and the measure of damages, as in condemnation proceedings. (*State Highway Comm. v. Puskarich,* 148 Kan. 388, 83 P. 2d 132; *Atchison v. State Highway Comm.,* 161 Kan. 661, 171 P. 2d 287; *Dugger v. State Highway Commission,* supra; *Brock v. State Highway Commission,* 195 Kan. 361, 404 P. 2d 934.)

Finally, it should be pointed out that leasehold interests are compensable when taken for a public purpose. (*State Highway Commission v. Safeway Stores,* 170 Kan. 413, 226 P. 2d 850 [set aside on different grounds in *State Highway Commission v. Safeway Stores,* 170 Kan. 545, 228 P. 2d 208]; *Miles v. City of Wichita,* 175 Kan. 723, 267 P. 2d 943; *Eisenring v. Kansas Turnpike Authority,* 183 Kan. 774, 332 P. 2d 539; *Phillips Petroleum Co. v. Bradley,* 205 Kan. 242, 468 P. 2d 95.) See, also, *Pieper v. City of Scottsbluff,* 176 Neb. 561, 126 N. W. 2d 865.

The judgment of the district court is affirmed.