No. 40,722

KANSAS BOSTWICK IRRIGATION DISTRICT NO. 2, *Appellant,* v. CHARLES R. CURTIS, et al., *Appellees.*

(320 P. 2d 786)

Opinion filed January 25, 1958.

*N. J. Ward,* of Belleville, argued the cause and was on the briefs for the appellant.

*Paul L. Aylward* of Ellsworth, and *Fred Emery,* of Belleville, argued the cause, and *George D. Miner,* of Ellsworth, was with them on the briefs for the appellees.

The opinion of the court was delivered by

ROBB, J.: An eminent domain proceeding was commenced by appellant. It was dissatisfied with the awards of the court-appointed appraisers but before an appeal could be perfected from those awards, the amounts of the awards were paid by the U. S. treasury department office in Denver, Colorado. When the appeal was perfected the trial court dismissed it for the reason there had been acquiescence in the awards. Appellant then appealed from that decision.

The petition filed September 21, 1956, showed that appellant was incorporated under the General Statutes of Kansas. It was authorized to co-operate with the United States under the federal reclamation laws to construct irrigation and drainage works and to contract for water with the U. S. department of the interior and the bureau of reclamation. On April 20, 1951, a water contract was entered into with the secretary of the interior acting for the United States, in which the United States agreed, among other things, to build canals, ditches, and distribution works for irrigation and drainage purposes. The secretary of the interior requested appellant to acquire the necessary land for the purposes involved. Appellant had authority to acquire the land on behalf of itself and the United States. A profile map was supplied appellant by the United States. The remainder of the petition shows that appellant desired to acquire the necessary land by an eminent domain proceeding. Only the parts of the petition referring to the federal government have been set out above and they have been highly summarized.

On October 15, 1956, the court appointed appraisers and on December 7, 1956, they filed their report containing the awards of damages allowed by them. The court approved the awards and ordered appellant, as condemner, to pay the fees of the appraisers and the costs.

On December 19, 1956, the treasury department in Denver, Colorado, paid the amount of the awards in the master eminent domain case but no fees or costs, to the clerk of the district court and the court on January 8, 1957, ordered the amount thereof deposited in three designated banks subject to further order of the court.

On December 28, 1956, appellant filed its statement of just compensation under G. S. 1955 Supp. 26-102 and on the same date filed notices of appeal and bond for costs.

Appellees filed a motion to dismiss the appeal containing four grounds. The fourth ground was:

"The plaintiff by paying the court the amount of the appraisers_ award has acquiesced in said award and has no right of appeal from the award."

The trial court sustained the motion to dismiss on the above ground.

In its memorandum opinion sustaining the motion, the trial court referred to the pertinent parts of the petition previously set out herein and concluded there had been acquiescence in the judgment. It held that the money was paid by the United States treasurer without the knowledge of appellant's attorney; that appellant was acting for itself and apparently also for the United States government and, therefore, payment by the United States treasurer was payment by appellant and appellant and its attorney were bound thereby. Appellant could not say it brought the action at the behest of the federal government and deny any obligation for payment of the awards by the federal government. The action of appellant in paying the amount of the awards and taking possession could only be construed as satisfaction with the appraisal.

As a result of the trial court's decision, appellant brought this appeal. Three specifications of error are contended by appellant but the real question is whether the trial court was correct in concluding there had been acquiescence in the judgment so as to cut off its right of appeal to the district court from the awards of the appraisers.

There can be no argument with part of the trial court's theory and the contention of appellees that anything that savors of acquiescence in a judgment defeats the right of appeal. If the United States government were a party to the proceeding in eminent domain, then payment and acquiescence by it would constitute payment and acquiescence in the judgment by appellant whereby they would both be precluded from any appeal. (*Gehring v. Goering,* 181 Kan. 994 996, 317 P. 2d 424.)

The record does not show that the United States government was a party to this action at any step thereof. The only parties are appellant and the appellees. The United States government did not ask to intervene nor has it been made a party hereto. Neither is

there justification for the determination that a relationship of principal and agent between appellant and the United States government existed. There could be no judgment entered for or against the federal government in the original eminent domain proceeding nor in the appeal. The order made by the court in the original eminent domain proceeding on December 28, 1956, and referred to above, after providing for the fees allowed to each of the three appraisers reads as follows:

"It is therefore ordered in both of said matters that said appraisers and engineer should receive the above named amounts, and which should be divided equally and charged one-half to each of the said condemnation matters; *and the Clerk is ordered to charge the said District in this matter* the sum of $492.95 together with Clerks costs and costs of publication and other legal charges, and that such shall constitute the costs and fees and expenses *to be paid by the district.*" (Our emphasis.)

In addition to this order, the trial court in a journal entry ordered that the "Kansas Bostwick Irrigation District" be allowed to substitute certain paragraphs as amendments to the original petition.

We conclude the trial court was in error when it held that payment by the federal government was payment by appellant. Such could not have been the fact. A very full discussion of appellant's organization in relation to the United States government is set forth in *Mizer v. Kansas Bostwick Irrigation District*, 172 Kan. 157, 239 P. 2d 370, which does not need to be repeated herein.

We can find no authority, nor do the parties submit any, which holds that payment by a stranger to a court action will act as acquiescence on the part of any of the actual litigants. Such a rule would lead to chaos and it simply is not the law.

We are compelled to hold that payment of only the amount of the appraisers' awards in this case by the federal government was not payment by the appellant which defeated its right of appeal from the awards of the appraisers.

It will be unnecessary to determine other questions raised by the parties in view of what has been said herein.

The judgment is reversed and the cause is remanded with directions that the trial court set aside its order of dismissal and proceed with consideration of the appeal from the awards of the appraisers.