No. 40,723

Kansas Bostwick Irrigation District No. 2, *Appellant*, v. Lloyd Brown, Pauline Brown, Tekla Brown, Henry Henriksen, Ethel Henriksen, DeWayne Lindberg, Lucille Lindberg, Clifford Lindberg, Clara Lindberg, Ralph G. Moe, Beulah G. Moe, Ellen Johnson, Kenneth Danielson, Elder Sothers, Juvernia Sothers, Walter Boyles, Alice M. Boyles, Ray Jensen, Maudie Farrell, Nadine Farrell Ruggieri, Billie Farrell, Zenia Stofer and Earl C. Hammill, *Appellees*.

(320 P. 2d 788)

Opinion filed January 25, 1958.

*N. J. Ward*, of Belleville, argued the cause and was on the briefs for appellant.

*Paul L. Aylward*, of Ellsworth, argued the cause, and *George D. Miner*, of Ellsworth, was with him on the briefs for appellees.

The opinion of the court was delivered by

Fatzer, J.: This appeal involves the sole question of whether payment of an award of commissioners in an eminent domain proceeding by the Treasury Department of the United States on behalf of the Bureau of Reclamation without the knowledge of the condemner, constitutes an acquiescence in the award, thus precluding the condemner from appealing to the distirct court.

In a companion case, *Kansas Bostwick Irrigation District v. Curtis*, 182 Kan. 296, 320 P. 2d 786, this day decided, the court held:

"In a proceeding in eminent domain wherein the condemner was dissatisfied with the awards of court-appointed appraisers, but before an appeal could be perfected, a stranger to the action paid into court only the amount

of such awards without knowledge of the party seeking to appeal, and the trial court dismissed the attempted appeal on the ground the payment amounted to acquiescence in the awards so as to bar the appeal, the record is examined, and it is *held,* the payment was not acquiescence in the award so as to defeat the right of appeal therefrom, and the trial court erred in dismissing the appeal."

It would add nothing to detail at length the facts of this appeal, but suffice it to say the holding set forth above is controlling, and requires a reversal of the district court's order sustaining the appellees' motion to dismiss. Accordingly, the judgment is reversed with directions to the district court to set aside the order dismissing the condemner's appeal and to proceed in accordance with this opinion.

It is so ordered.