The Department of Public Works and Buildings of the State of Illinois, Plaintiff-Appellant, *v.* Royce R. Bartz *et al.,* Defendants-Appellees.

(No. 71-172;

Third District—June 30, 1972.

Christ T. Panousis, of Rock Island, for appellant.

Herbert M. Spector, of Rock Island, for appellees.

Mr. JUSTICE DIXON delivered the opinion of the court:

This is a condemnation suit in which the State of Illinois acquired land for highway purposes. After deposit of the amount found by the court at a "quick take" hearing to be preliminary just compensation, the court entered an order granting immediate possession and vesting title in the State. After a trial by jury which fixed just compensation there was a

deficiency of $2093.67 plus costs of $38.50 and the court directed that the total plus interest be paid within 90 days. On the 91st day, defendants filed a motion asking for attorney's fees, costs and expenses for failure to comply with the court order. Two days later they filed a supplemental motion for abandonment requesting that the order vesting title in the State be set aside.

The motions were heard and the court entered an order requiring the State to pay $1500.00 attorney fees, $427.80 expenses and costs of $38.50. The court found that the amount of the deficiency with interest was on deposit in the office of the County Treasurer and denied defendant's motion for abandonment. Much ado has been made of the fact that on the date of the hearing the Assistant Attorney-General had deposited his personal check for the deficiency plus interest (a total of $2,167.78). The State's check was in fact issued on the date but was not received until several days later. The particular manner or source of payment has never been held to be the concern of the property owner. 29A C.J.S. Eminent Domain Sec. 191.

The State appeals from the part of the order assessing attorney's fees, expenses and costs while defendants cross-appeal from the order denying abandonment.

At the outset we must consider whether the appeal should be dismissed because appellant's brief and abstract were not timely filed. Appellant filed a motion supported by affidavit stating that the delay was due to fact that the parties were in progress of negotiating a settlement.

■■ The filing of briefs after the time allowed by Supreme Court Rule 343 (Ill. Rev. Stats. 1971, Chap. 110A, Sec. 343) is improper and is not encouraged but whether the rule will be strictly applied in a particular case is in the court's discretion. The provision in the former rule that if a brief or abstract was not filed within the time prescribed the appeal would be dismissed on the call of the docket was omitted from Rule 343 as both too strict and unnecessary.

■■ The motion to dismiss the appeal is denied. By the denial of the motion we do not condone any disregard of the rule setting out a time schedule but feel that dismissal in this instance would be too harsh a penalty.

■■ The next question is whether a defendant to a "quick-take" condemnation proceeding is entitled to costs, expenses and attorney fees where the condemnor is in possession and vested with title pursuant to an order entered under Sec. 2.3 of the Eminent Domain Act (Ill. Rev. Stats. 1969, Chap. 47, Sec. 2.3), has in fact completed the project, but has not paid the deficiency judgment within the time ordered by the trial court.

No constitutional question was presented and we therefore confine our discussion to construction of the applicable statutes, and limit it to "quick-take" provisions.

Sec. 10a of the Eminent Domain Act prescribes the right to the recovery of costs, expenses and reasonable attorneys fees under certain conditions. While the section does not specifically so provide, numerous cases have held in construing Sec. 10a, that failure to pay the judgment within the time fixed by the court amounted to an abandonment by the petitioner. (*Board of School Trustees v. Boram*, 26 Ill.2d 167, 173.) In no case, however, was the "quick take" provision applicable. The rationale was stated in *Forest Preserve District v. Kear*, 303 Ill. 293, "The right to enter upon and appropriate to the public use private property does not depend upon an award or judgment fixing compensation but is conditioned upon the payment of such compensation, and the failure to pay deprives the petitioner of any right to the property or its possession and the proceeding is in law considered abandoned."

Prior to amendment of Sec. 10, effective July 1, 1897, there was no statute authorizing such recovery and attorneys fees could not be recovered. (*Winkleman v. City of Chicago*, 213 Ill. 360, 366.) Also see 1966 Law Forum 183.

Turning again to Sec. 10, the first paragraph (a) provides: *"If the petitioner is not in possession pursuant to an order entered under the provisions of Sec. 2.3 of this Act,* the judge * * * shall * * * make such order * * * that petitioner enter upon such property and the use of the same upon payment of full compensation * * * within a reasonable time to be fixed by the court * * *. Provided, that if in such case the petitioner shall * * * fail to make payment of full compensation within the time named * * * the judge shall, upon application of the defendants * * * make such order in such cause for the payment by the petitioner of all costs, expenses and reasonable attorneys fees * * * paid or incurred by such defendant or defendants in defense of said petition * * *, and also for * * * costs."

The last paragraph (b) provides: "In case the petitioner is in possession pursuant to an order entered under the provision of Sec. 2.3 of this Act and if Section 2.9 of this Act is inapplicable, then the court * * * shall proceed to enter an order setting forth the amount of just compensation so finally ascertained and ordering and directing the payment of any amount thereof that may be due to any of the interested parties, * * *."

We note that paragraph (b) contains no requirement that the court fix the time within which the award must be paid.

It is clear that the first paragraph of Section 10 has no application to

quick-take proceedings unless made so by Section 2.19 which provides: "If, * * * with the consent of all the parties to the proceeding whose interest shall be affected, the petitioner abandons the proceedings * * * the trial court then shall enter an order revesting * * * title * * *; and making such provision as shall be just, for the payment of damages * * * and also for costs, expenses, and attorneys fees as *provided in Section 10 of this Act; * * *.*"

The proviso in Sec. 2.9 as to costs, expenses, and attorneys fees does not incorporate the entire Section 10 by reference but merely qualifies or limits such costs, expenses and attorneys fees to *reasonable* attorney fees of such defendant or defendants *paid or incurred* by such defendant or defendants *in defense of said petition.*

Without an abandonment of the proceedings there can be no allowance of costs, expenses and attorneys fees.

Here there was no abandonment of the enterprise, or of the location and route of the improvement, it was in fact constructed and completed. To imply a consent to abandonment of the proceedings on the part of the State would contemplate an abandonment of the  improvement planned, or a change of location or route or an abandonment of the design of taking the particular property involved for public use, in short, a good faith, complete surrender of the project as far as the land involved is concerned.

■■ Any rights which the parties may have in a condemnation suit are governed by the provisions of the Statute. (*County of Cook v. Malysa,* 39 Ill.2d 376.) Since there is no applicable Statute and no common law right, that portion of the order of the trial court allowing attorney fees, expenses and additional costs must be reversed, and that part of the order denying abandonment is affirmed.

Affirmed in part; reversed in part.

ALLOY, P. J., and SCOTT, J., concur.