No. 62,907

BOARD OF COUNTY COMMISSIONERS OF OSBORNE COUNTY, KANSAS, *Appellee*, v. ARCHIE L. and EDNA L. KULICH, *Appellants.*

(774 P.2d 980)

Opinion filed May 26, 1989.

*Ron Svaty*, of Svaty, Sherman & Hoffman, of Ellsworth, argued the cause and was on the brief for the appellants.

*Vernon L. Steerman*, county attorney, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

MILLER, C.J.: This action for the condemnation of approximately 1.36 acres of land was commenced by the Board of County Commissioners of Osborne County in the district court of that county, pursuant to the Eminent Domain Procedure Act, K.S.A. 26-501 *et seq.* The action was dismissed without prejudice on motion of the landowners. Later, claiming that the Board abandoned the action, the landowners moved for an allowance for their expenses and attorney fees. From the denial of that motion, the landowners appeal.

The statute involved, K.S.A. 26-507, reads as follows:

"(a) **Payment of award; vesting of rights.** If the plaintiff desires to continue with the proceeding as to particular tracts it shall, *within thirty (30) days from the time the appraisers' report is filed pay to the clerk of the district court the amount* of the appraisers' award as to those particular tracts and court costs accrued to date, including appraisers' fees. Such payment shall be without prejudice to plaintiff's right to appeal from the appraisers' award. Upon such payment being made the title, easement or interest appropriated in the land condemned shall thereupon immediately vest in the plaintiff, and it shall be entitled to the immediate possession of the land to the extent necessary for the purpose for which taken and consistent with the title, easement or interest condemned. The plaintiff shall be entitled to all the remedies provided by law for the securing of such possession.

"(b) **Abandonment.** *If the plaintiff does not make the payment prescribed in subsection (a) hereof for any of the tracts described in the petition, within thirty (30) days, from the time the appraisers' report is filed, the condemnation is abandoned as to those tracts, and judgment for costs, including the appraisers' fees together with judgment in favor of the defendant for his reasonable expenses incurred in defense of the action, shall be entered against the plaintiff.* After such payment is made by the plaintiff to the clerk of the court, as provided in subsection (a) hereof, the proceedings as to those tracts for which payment has been made can only be abandoned by the mutual consent of the plaintiff and the parties interested in the award." (Emphasis added.)

The facts, in chronological order, are substantially as follows:

| | |
|---|---|
| November 7, 1986 | A petition for condemnation of 1.36 acres of land, owned by Archie L. and Edna L. Kulich, was filed by the Board of County Commissioners of Osborne County, Kansas, in Osborne District Court. A copy of the resolution of the Board was attached. |
| December 10, 1986 | An order of the district court, finding that the Board has the power of eminent domain and that the taking is necessary for road improvement, and appointing appraisers, was filed. |
| February 24, 1987 | The appraisers' report, determining total compensation due the landowners to be $1,155.50, was filed. |
| February 27, 1987 | A warrant for $1,155.50, payable to the landowners, was issued by the county and delivered to the landowners. |
| March 6, 1987 | The Kulichs appealed from the award of the appraisers. |
| April 24, 1987 | The County asked the Kulichs to return the warrant, since it was payable to the landowners rather than to the clerk of the district court as required by law. |
| May 11, 1987 | The County filed a motion to void or to recover the county warrant, the landowners having failed to return it. |
| May 21, 1987 | The landowners filed a motion to dismiss because the County failed to pay the amount of the award to the clerk of district court within 30 days of the filing of |

|              | the appraisers' award, as required by K.S.A. 26-507. |
|--------------|------------------------------------------------------|
| July 22, 1987 | Archie L. Kulich delivered the county warrant to the clerk of the district court. |
| March 24, 1988 | The trial court dismissed the case without prejudice because the amount of the appraisers' award was not paid in to the clerk of the district court within 30 days as required by the statute. |
| April 12, 1988 | The landowners moved for judgment of $2,450.67 as reasonable expenses and attorney fees expended in defending the action. |
| July 13, 1988 | The trial court denied the landowners' motion for fees and expenses, holding that the County had not abandoned the eminent domain proceeding in the true sense in that the dismissal was involuntary and a new proceeding had been filed to condemn the same tract of land. (We were told at oral argument that the new proceeding has been completed and the County has acquired the tract of land.) |

The County concedes that its agent's inadvertent payment of the amount of the award directly to the Kulichs did not comply with the requirements of the statute that payment be made to the clerk of the district court within 30 days of the filing of the appraisers' report. Payment, however, was made directly to the Kulichs three days after the filing of the report, thus negating any intent on the part of the County to abandon the project.

In *City of Westwood v. M & M Oil Co.*, 6 Kan. App. 2d 48, 626 P.2d 817, *rev. denied* 229 Kan. 669 (1981), the City commenced a proceeding in eminent domain to acquire a tract of land in which M & M had a leasehold interest. M & M hired a real estate appraiser and attorneys to represent its interests in the proceeding. However, before the merits of the matter were heard, the City entered into an agreement with the landowners to purchase the property subject to M & M's leasehold interest. The action was later dismissed on oral motion of the City. In turn, M & M

filed a motion for allowance of reasonable expenses, which was denied; M & M appealed. A panel of the Court of Appeals, citing cases from other jurisdictions, held that the actions of the City could not be deemed abandonment within the meaning of the statute at issue, and affirmed the district court.

Similarly, in a North Carolina case, *City of Charlotte v. McNeely*, 281 N.C. 684, 190 S.E.2d 179 (1972), the court held that the dismissal of an eminent domain proceeding by the court upon the sole ground that the condemnor had failed to comply with certain procedural statutory requirements was not abandonment within the meaning of the North Carolina statute. As in the case at bar, the North Carolina case was dismissed without prejudice to the right of the condemnor to reinstitute the proceedings.

Here, the County promptly paid the money directly to the landowners. It obviously did not intend to abandon the proceedings. When it discovered its mistake, it sought return of its warrant. The landowners, however, retained the warrant until more than two months after filing a motion to dismiss for failure of the Board to pay the money to the clerk. Defendants' actions, not those of the plaintiff, have delayed the conclusion of this action at considerable cost to both parties. The County has persevered in its project and has successfully concluded the project by acquiring the land in the subsequent proceeding.

Abandonment is defined in Black's Law Dictionary 2 (5th ed. 1979), as:

"The surrender, relinquishment, disclaimer, or cession of property or of rights. Voluntary relinquishment of all right, title, claim and possession, with the intention of not reclaiming it. . . . The giving up of a thing absolutely . . . .

" 'Abandonment' includes both the intention to abandon and the external act by which the intention is carried into effect. In determining whether one has abandoned his property or rights, the intention is the first and paramount object of inquiry, for there can be no abandonment without the intention to abandon."

We find no facts in this record to indicate that the County intentionally abandoned its rights, and we agree with the trial court that the County did not abandon the project within the meaning of K.S.A. 26-507. It follows that defendants' motion for expenses and attorney fees was properly denied.

The judgment is affirmed.