No. 56,138

JIMMY RAZOOK, *Appellant,* v. JOHN B. KEMP, Secretary of Transportation of the State of Kansas, *Appellee.*

(690 P.2d 376)

Opinion filed October 26, 1984.

*R. A. Munroe,* of Augusta, argued the cause and was on the brief for appellant.

*John W. Strahan,* first assistant attorney, Kansas Department of Transportation, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

McFARLAND, J.: This is an interlocutory appeal taken by Jimmy Razook, the owner of certain oil and gas leases, from the district court's order instructing the appraisers in an original eminent domain proceeding instituted by John Kemp, Secretary of Transportation of the State of Kansas.

Jimmy Razook owns a number of oil leases on contiguous tracts. Mr. Razook is utilizing waterflood procedures to recover oil from the tracts. The leases are not unitized. Mr. Razook contends the partial taking of the one tract constitutes an actual or constructive taking of the other tracts as the taking damages his waterflood operation. On December 3, 1982, the district court, in this original eminent domain proceeding, entered its order directing the appraisers *inter alia* that in determining the before and after value of the tract through which the easement passes, they should consider only the tract involved without regard to the contribution of adjoining oil and gas leases. On December 16, 1982, the appraisers filed their report. On January 12, 1983, Mr. Razook appealed the award of appraisers and said appeal is now pending in the Butler County District Court (Case No. 83 C 22). Also presently pending in Butler County District Court is an inverse condemnation action brought by Mr. Razook against the Secretary of Transportation for damages to his leases

on the other tracts arising from the taking of the easement on the one tract (Case No. 82 C 635).

On September 20, 1983, the district court entered the following order in the original condemnation proceeding (82 C 489):

"ORDER

"Now on this 20 day of September, 1983, this matter comes on for hearing upon the application of JIMMY RAZOOK, the Defendant herein, for an Order of the Court permitting an appeal to be taken from the Order entered herein on the 3rd day of December, 1982, attached hereto and incorporated herein.

"The Court, after hearing evidence, examining depositions and files herein, and being otherwise advised in the premises, finds as follows:

"1. That the Order entered herein on the 3rd day of December, 1982, is not a final order and as such is not otherwise appealable to the Court of Appeals under K.S.A. 60-2102.

"2. That the Court is of the opinion that such Order involves a controlling question of law as to which there is substantial grounds for difference of opinion and that an immediate appeal from the Order may materially advance the ultimate termination of the litigation.

"3. It is also found that such Order affects the rights of said Jimmy Razook and will be a controlling question in the following actions on file in Butler County, Kansas:

JOHN B. KEMP, Secretary of Transportation of the State of Kansas,

          Plaintiff,

v.                               ) Case No. 83C22

BARBARA LEE BROWN, et al,

          Defendants.

JIMMY RAZOOK,

          Plaintiff,

v.                               ) Case No. 82C635

JOHN B. KEMP, Secretary of Transportation of the State of Kansas,

          Defendant.

and that proceedings in this case and Cases No. 82C635 and 83C[22] should be stayed.

"IT IS SO ORDERED, DECREED AND ADJUDGED in accordance with the findings hereinabove made."

On September 28, 1983, Mr. Razook filed an application with the Court of Appeals pursuant to K.S.A. 60-2102(b) to take an interlocutory appeal, stating therein:

"1. That this Application is made pursuant to the Order entered by the Honorable J. Patrick Brazil on the 20th day of September, 1983, a copy of which

Order is attached hereto and by this reference made a part of this Application as if fully set out herein."

On its face, then, the application to take an interlocutory appeal was filed within the statutory ten-day period set forth in K.S.A. 60-2102(b). The application was transferred to this court prior to being ruled upon by the Court of Appeals. Permission to take the interlocutory appeal was granted by this court.

K.S.A. 60-2102(b) provides:

"When a district judge or associate district judge, *in making* in a civil action *an order* not otherwise appealable under this section, shall be of the opinion that *such order involves a controlling question* of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, said *judge shall so state* in writing *in such order. The court of appeals may* thereupon, in its discretion, *permit an appeal* to be taken from *such order, if application is made* to it *within ten (10) days after the entry of the order* under such terms and conditions as the supreme court may fix by rule. Application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or associate district judge or an appellate court or a judge thereof shall so order." (Emphasis supplied.)

Supreme Court Rule 4.01 (232 Kan. cvii) states in pertinent part:

"When an appeal is sought under the provisions of Sec. 60-2102(b) an *application* for permission to take such an appeal *shall be served within ten (10) days after the entry of the order from which an appeal is sought to be taken.* The application shall be filed with the clerk of the appellate courts and docketed as a regular appeal to the court of appeals.

"The application shall:

(a) state the relevant facts, including the nature and a brief history of the proceedings in the district court with all the important dates, and

(b) *have annexed thereto a copy of the order from which the appeal is sought to be taken and in which the judge of the district court makes the findings required by Sec. 60-2102(b)* . . . ."

(Emphasis supplied.)

In the case before us, appellate review is being sought of the December 3, 1982, order of the district court. The order of September 20, 1983, contains only the statutory findings necessary to make the December 3, 1982, order a candidate for an interlocutory appeal.

K.S.A. 60-2102(b) does not grant an absolute right to an interlocutory appeal in a civil case. Rather, where a district judge or associate district judge makes an order not otherwise appealable and states *in such order* the statutorily required findings,

permission to take the interlocutory appeal may be sought from the appellate court within ten days from the making of such order. In the case before us over nine months elapsed between the making of the now complained-of order and the making of the order containing the statutory findings necessary to an interlocutory review of the order itself. The net effect is that the application to take an interlocutory appeal of an order was filed almost ten months after the complained-of order was entered. Such is not permitted by K.S.A. 60-2102(b). The application must be filed within ten days after entry of the order for which review is sought and as a condition to the filing of the application, the order must contain the statutory findings. Ten days after the entry of the order herein on December 3, 1982, the time for seeking an interlocutory appeal thereof expired and the same could not be extended by subsequently requesting the court to make the statutory findings requisite to an interlocutory appeal.

We conclude permission to take the interlocutory appeal herein was improvidently granted as the court lacked jurisdiction to grant the application.

Before concluding this opinion it should be noted there are other jurisdictional grounds on which this interlocutory appeal might be successfully challenged. These include the fact this is an original proceeding in eminent domain. As noted in *State Highway Commission v. Bullard,* 208 Kan. 558, 493 P.2d 196 (1972):

"Proceedings in eminent domain instituted pursuant to K.S.A. 26-501, *et seq.,* as amended, are administrative and inquisitional in character. Prior to the taking of an appeal from the award of the appraisers pursuant to K.S.A. 1971 Supp. 26-508, the code of civil procedure has no application since the special statutory procedures are fully prescribed. As such, the eminent domain proceeding is not a proper forum for litigating the right to exercise the power of eminent domain, or to determine the extent of that right. (Following *Urban Renewal Agency v. Decker,* 197 Kan. 157, 415 P.2d 373.)" Syl. ¶ 1.

See K.S.A. 26-504.

Additionally, determination of this interlocutory appeal would in no way "materially advance the ultimate termination of the litigation" (K.S.A. 60-2102[b]) as an original proceeding in eminent domain cannot truly be classed as litigation and, in any event, there is no further "action" to be had in this proceeding. At most, any opinion rendered herein would be of value only as a sort of advisory opinion which might advance the termination of

litigation in the inverse condemnation action and the appeal from the appraisers' award (cases 82 C 635 and 83 C 22, respectively) now pending in the Butler County District Court, but not before us.

The interlocutory appeal is dismissed.