262 Kan. 507 (1997)
941 P.2d 371
THE STATE OF KANSAS, ex rel. STATE BOARD OF HEALING ARTS, Appellee,
v.
STANLEY W. BEYRLE, Appellant, and JANET ROYSTON, R.N.
No. 77,411.
Supreme Court of Kansas.
Opinion filed May 30, 1997.
Stephen B. Plummer, of Wichita, argued the cause, and Randall J. Price, of Wichita, was with him on the brief for appellant Stanley W. Beyrle.
Mark W. Stafford, of State Board of Healing Arts, of Topeka, argued the cause, and was on the brief for appellee.
The opinion of the court was delivered by
LARSON, J.:
This is an attempted interlocutory appeal taken by Stanley W. Beyrle from the trial court's order of partial judgment finding K.S.A. 65-2872a unconstitutional.
The State of Kansas, on relation of the State Board of Healing Arts, sued naturopath Beyrle, contending he violated the Healing Arts Act by using the designation N.M.D. in connection with his name, by issuing an order for a prescription-only drug, and by engaging in a system to diagnose, ascertain, cure, relieve, palliate, adjust, or correct any human disease, ailment, deformity, or injury. The Board requested that Beyrle be prohibited by injunction or quo warranto from engaging in acts in violation of the Healing Arts *508 Act and that K.S.A. 65-2872a be declared to violate Article 2, § 1 of the Kansas Constitution.
In his answer, Beyrle contended he was permitted by K.S.A. 65-2872a to practice as a naturopath in Kansas without approval of the Board. He admitted to using the title N.M.D., but denied this or any of his other actions violated the Healing Arts Act. Beyrle also filed a counterclaim against the Board for damages. The Board responded to the counterclaim with a general denial and an allegation of immunity.
The Board then moved for partial judgment on the pleadings, contending K.S.A. 65-2872a violates Article 2, § 1 of the Kansas Constitution by unlawfully delegating legislative authority to a private person or entity. Beyrle opposed the motion, and a hearing was held.
The trial court found Gumbhir v. Kansas State Board of Pharmacy, 228 Kan. 579, 618 P.2d 837 (1980), controlling and declared the statute to be unconstitutional in violation of Article 2, § 1 of the Kansas Constitution. The trial court ruled the provision was severable from the remaining portions of the Healing Arts Act. The trial court, however, specifically reserved judgment on whether Beyrle unlawfully prescribed drugs or exceeded his statutory authority. The trial court further warned: "Defendant is advised that the practice of naturopathy is no longer authorized by statute, and that all activity within the purview of the healing arts act must cease until such time as the legislature appropriately grants the authority." The trial court ordered the case stayed pending appeal of the order.
Although the order stated "the Court grants Defendant's motion for permission to take an interlocutory appeal," the trial court did not, as required by K.S.A. 60-2102(b), find that "such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation" so that an application could be made for a discretionary appeal. Nor did Beyrle comply with or attempt to follow the required procedure of Supreme Court Rule 4.01 (1996 Kan. *509 Ct. R. Annot. 23) in order to obtain the necessary permission from the Court of Appeals to accept an interlocutory appeal.
Beyrle filed a timely notice of appeal. However, his docketing statement alleged the order appealed from was a final order. In answer to the question of whether the district court directed an entry of a judgment in accordance with K.S.A. 60-254(b), the form indicated the question was not applicable. The docketing statement failed to list any statutory authority for appeal.
In response to our order to show cause as to why we should not dismiss the appeal as not being from a final judgment, Beyrle now suggests we have jurisdiction under K.S.A. 60-2102(a)(2), relating to appeals as a matter of right from orders granting an injunction or quo warranto relief.
The journal entry of partial judgment on the pleadings is not a final order.
The apparent basis for jurisdiction for this appeal is K.S.A. 60-2101(b), which provides in part: "An appeal from a final judgment of a district court in any civil action in which a statute of this state or of the United States has been held unconstitutional shall be taken directly to the supreme court." This statute specifically requires the order appealed from to be a "final judgment."
It is clear from the pleadings, the motion for partial judgment, and the journal entry of judgment that the order appealed from was not a final judgment as required by K.S.A. 60-2101(b). K.S.A. 60-254(a) defines a judgment as "the final determination of the rights of the parties in an action." The order here only involved a determination of one issue in the Board's action, that of the constitutionality of K.S.A. 65-2872a. There was no adjudication of whether Beyrle had actually violated any of the provisions of the Healing Arts Act. These issues remain pending for later determination, as the entire case was stayed in order to allow Beyrle to pursue an appeal on the constitutionality of the statute granting him the right to practice naturopathy without Board approval.
In Honeycutt v. City of Wichita, 251 Kan. 451, 457, 836 P.2d 1128 (1992), we quoted from Gulf Ins. Co. v. Bovee, 217 Kan. 586, 587, 538 P.2d 724 (1975):

*510 "`No definition of "final decision" is contained in the statute but this court has previously construed it to mean, "one which finally decides and disposes of the entire merits of the controversy, and reserves no further questions or directions for the future or further action of the court." [Citations omitted.]'"
Honeycutt cites 6 Vernon's Kansas C. Civ. Proc. § 60-2102, Author's Comments, § 2102.2 (1967) and 2 Gard's Kansas C. Civ. Proc.2d Annot. § 60-2102, Comments (1979), and states: "In Gard, the author commented that a `"final decision" ... is really selfdefining. Obviously it is an order which definitely terminates a right or liability involved in the action, or which grants or refuses a remedy as a terminal act in the case.'" 251 Kan. at 457.
Rather than terminating a right or liability in the present case, the trial court's order established the possibility of a legal liability that still required further factual and legal adjudication. The journal entry of judgment dated August 1, 1996, is not a final judgment.
Because the order attempted to be appealed from is not a final judgment, this might bring into consideration the provisions of K.S.A. 60-254(b), which states: "[T]he court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." No attempt was made to satisfy the requirements of K.S.A. 60-254(b). The judgment lacked the required determinations, see City of Salina v. Star B, Inc., 241 Kan. 692, 693, 739 P.2d 933 (1987), and it is not possible to now amend the order so as to include the required findings within the order. See Razook v. Kemp, 236 Kan. 156, 158-59, 690 P.2d 376 (1984). Thus, the order cannot be deemed appealable pursuant to K.S.A. 60-254(b).
As the order is not a final judgment, it is not the proper subject of an appeal unless the requirements for requesting a discretionary appeal were followed. Because no attempt was made to follow K.S.A. 60-254(b) or Supreme Court Rule 4.01, we lack jurisdiction to hear the case under K.S.A. 60-2101(b).
The order does not grant injunctive or quo warranto relief.
Beyrle now attempts to argue that we have jurisdiction of his appeal as a matter of right because it is from an order granting *511 injunctive or quo warranto relief pursuant to K.S.A. 60-2102(a)(2). This statute provides:
"(a) As of right. Except for any order or final decision of a district magistrate judge, the appellate jurisdiction of the court of appeals may be invoked by appeal as a matter of right from:
(2) An order that grants, continues, modifies, refuses or dissolves an injunction, or an order that grants or refuses relief in the form of mandamus, quo warranto or habeas corpus."
First, we point out that this statute grants jurisdiction to the Court of Appeals, not the Supreme Court. Second, although the Board's original petition does seek injunctive or quo warranto relief, the journal entry of the partial judgment does not grant either type of relief. The order was simply declaratory and does not enjoin Beyrle from practicing naturopathy. All the order does is put Beyrle on notice that "the practice of naturopathy is no longer authorized by statute, and that all activity within the purview of the healing arts act must cease until such time as the legislature appropriately grants the authority."
We do not construe this wording as a grant of either quo warranto relief or an injunction. The court had not made any determination that Beyrle was engaging in the practice of naturopathy and specifically stated that it reserved judgment on whether he had exceeded his statutory authority. Rather than invoking any existing powers if Beyrle continued to engage in naturopathy, the court simply placed him on notice that future practice of naturopathy would make him subject to charges of violating the Healing Arts Act.
The court did not declare that it was granting the Board's request in its original petition to enjoin Beyrle, nor did the Board's motion requesting partial judgment on the pleadings request such relief. Thus, K.S.A. 60-2102(a)(2) also does not support jurisdiction in this case.
No other provision appears to confer jurisdiction on us, and none is cited by Beyrle. We do not have jurisdiction over the attempted appeal, which is therefore dismissed.